**Margaret Ann ROSE, Appellant,**

v.

**Clyde William ROSE, Appellee.**

**No. 20126.**

Court of Civil Appeals of Texas, Dallas.

Feb. 25, 1980.

Rehearing Denied May 9, 1980.

Kevin J. Clancy, Dallas, for appellant.

Charles E. Miller, Jr., Mesquite, for appellee.

Before AKIN, STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Plaintiff, Clyde Rose, brought this bill of review to set aside a divorce decree obtained by defendant, Margaret Rose, and also sued for another divorce and property division. Defendant appeals from judgment for plaintiff. After receiving the findings of fact and conclusions of law, which we directed the trial judge to make, we affirm because we hold the requirements for a bill of review were met.

The evidence produced at trial reveals that plaintiff was diagnosed as an alcoholic and schizophrenic and confined to a nursing home from December of 1976 until November of 1977. During that time defendant filed a petition for divorce and obtained plaintiff's signature on a waiver of citation and a property settlement agreement which awarded all the parties' property to defendant. Defendant was granted the divorce with the agreed property division. After leaving the nursing home, plaintiff filed this bill of review to set aside the divorce decree and later also filed an action for divorce, and both were granted by the court.

■ We first address defendant's contentions that the trial court's failure to file findings of fact and conclusions of law, after timely requests from defendant pursuant to Tex.R.Civ.P. 296 and 297, was reversible error. If a trial judge fails to file findings of fact and conclusions of law pursuant to timely request by the complaining party, prejudice to that party is presumed unless the contrary appears. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 119 (1944). This record includes a lengthy statement of facts and the decree contains several findings. Several findings and conclusions of law necessary to support the judgment are omitted, however, and we directed the trial judge to make and file with this court findings of fact and conclusions of law, which he has now done. Tex. R.Civ.P. 434. We also granted leave to both parties to file supplemental briefs after the findings of fact and conclusions of law were made and filed. Consequently, any prejudice or harm to defendant-appellant has been cured. We chose this method of curing the error in the interest of judicial economy and to obviate the necessity of repetitive expense to both parties. No purpose would be served by remanding this cause and requiring the judge to hear the same lengthy record of the same evidence when the method employed here removes any harm to appellant on appeal because of the failure of the judge to comply with Rules 296 and 297. *Texas Eastern Transmission Corp. v. Sealy Independent School District*, 572 S.W.2d 49 (Tex.Civ.App.— Houston [1st Dist.] 1978, no writ); *Layton v. Layton*, 538 S.W.2d 642, 643 (Tex.Civ. App.—San Antonio 1976, writ ref'd n. r. e.). We have now received the judge's findings and conclusions and supplemental briefs from both parties. Accordingly, we overrule this point because the error has been cured. We now turn to the merits of this appeal.

■ Defendant attacks the second divorce judgment in two respects. First, she argues that no valid grounds were proved for this divorce. Plaintiff alleged insupportability under Tex.Fam.Code Ann. § 3.01 (Vernon 1975) and he testified at trial that he could not continue to live with his wife and that there was no possible hope of reconciliation. This evidence is sufficient to support a divorce based on insupportability and the court's finding of insupportability.

*Baxla v. Baxla*, 522 S.W.2d 736, 738 (Tex. Civ.App.—Dallas 1975, no writ). Furthermore, defendant provided additional evidence of insupportability by her testimony that plaintiff drank excessively, took pills, and was violent while they lived together. *Bakken v. Bakken*, 503 S.W.2d 315, 316 (Tex.Civ.App.—Dallas 1973, no writ).

▮ Defendant's second argument attacking the divorce is that the residence requirements of Tex.Fam.Code Ann. § 3.21 (Vernon 1975) were not proved. That statute provides that no suit for divorce may be maintained unless the petitioner *or* respondent has been domiciled in the state for six months and resided in the county for ninety days prior to the time the suit is filed. The trial court found in its decree that the residence requirements were met. We agree with the trial judge because defendant testified at trial that she was still living at the same house in which the parties resided at the time plaintiff went to the nursing home. This house is in Dallas County, and it is undisputed that the parties had resided in this house for a period in excess of the statutory residence requirements.

▮ Defendant next asserts several estoppel arguments. First, defendant argues that plaintiff is estopped from attacking the prior divorce decree because he accepted benefits from that decree. She argues that plaintiff voluntarily accepted Veteran's benefits under the decree which he would not have been entitled to if he were married and owned property. Plaintiff's acceptance of these benefits did not prejudice defendant in any way and were not voluntary because plaintiff was forced to accept these benefits in order to pay for necessities. A spouse is not estopped from appealing an award in a divorce decree unless he voluntarily accepted benefits of the decree and the other spouse will be prejudiced. *Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex. Civ.App.—Dallas 1977, no writ). Defendant received the entire community estate in this divorce and is certainly not prejudiced

by plaintiff's acceptance of the only finances left to him.

▮ Defendant also argues under this point of error that plaintiff is estopped from attacking the divorce because he stated in a Veteran's Administration Questionnaire that he was divorced. We disagree because plaintiff has not been prejudiced in any manner by this statement and it is not, therefore, a ground for imposing an estoppel as a matter of law.

▮ Defendant's last estoppel argument is that plaintiff entered into a common-law marriage after the original divorce, which precludes his right to contest this divorce. The court made no findings concerning a common-law marriage by plaintiff, but did state in the decree that "the preponderance of the equities justify the granting of the Bill of Review, setting aside the prior divorce decree, granting a divorce and making a redistribution of the property . . ." We agree with this statement by the trial court. Even if plaintiff had entered into a common-law marriage here, he would not be estopped from attacking this prior property division because defendant has not been misled to her detriment by the actions of plaintiff. *See Concord Oil Co. v. Alco Oil & Gas Corp.*, 387 S.W.2d 635, 639 (Tex. 1965). If he voluntarily accepted the benefits of the divorce decree by entering into a common-law marriage, he should not be estopped from attacking the decree unless defendant has been prejudiced, and we find no such prejudice, especially in light of the court's findings concerning defendant's conduct in obtaining the divorce and the unequal property division.

▮ Defendant also argues that the facts show that plaintiff waived his right to attack the decree by remarrying. If his acts could constitute waiver, such waiver could only relate to his right to attack the divorce itself, not the property determination. Since plaintiff has also brought an action for divorce, his only contest to the prior

decree is the property division. Consequently, his actions after leaving the nursing home do not constitute estoppel or waiver.

In defendant's remaining points of error she asserts that plaintiff has not proved the prerequisites for a bill of review. In order to prevail upon a bill of review, the plaintiff must plead and prove "(1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex.1979) (quoting *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). Defendant's primary argument here is that plaintiff did not show his lack of negligence because of his own acts and the acts of his attorney. The court concluded that plaintiff was not negligent.

Defendant argues that plaintiff hired an attorney, that the attorney did not timely file an answer in the divorce proceeding or file a motion for new trial, and that such attorney's negligence is imputed to plaintiff. On this issue, the judge found that no attorney was hired by plaintiff. The attorney who filed the answer testified that he had not been hired by the plaintiff, and plaintiff testified that he did not even remember the attorney. Additionally, the attorney told plaintiff that they needed to get busy on the case, but plaintiff would not communicate with him. Consequently, he concluded that plaintiff did not desire his services. This evidence is sufficient to support the finding that the attorney was not hired by plaintiff.

The court also made several findings relating to the mental condition of the plaintiff at the time of divorce. Defendant contends these findings are not supported by sufficient evidence. The court found that plaintiff "was unable, either due to his mental condition, his medication, or a combination of both, to deal with the information in a rational and normal way." The court further found that his schizophrenia and his medication impaired his ability to think rationally, that his conduct was disoriented, and that he did not understand what he was doing when he signed the papers. Several witnesses, including doctors who saw plaintiff, testified that the plaintiff was disoriented, slow, dazed, and on heavy medication at the time. This medication caused side-effects such as lethargy and disorientation. This evidence is sufficient to support the finding that plaintiff was not negligent in his actions concerning the divorce action. There was testimony that a paranoid schizophrenic could act rationally, even while on the medication, and a nurse testified that plaintiff discussed the divorce with her. Looking at the record as a whole, however, the finding that plaintiff was not negligent is not clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951).

In further support of her contention that plaintiff was negligent, defendant attacks the finding that plaintiff had no access or control of any money or property with which to hire or retain an attorney. She points to testimony that plaintiff had a crippled friend at the nursing home who drove him to the bank, where plaintiff withdrew $1,000. She overlooks the fact that plaintiff testified that defendant took his money away from him a few days later. Additionally, the court found that defendant had effective control over the assets of the marriage, and defendant does not attack this finding. Therefore, this evidence negates any negligence on plaintiff's part.

Finally, defendant contends the evidence is insufficient to support the finding that plaintiff was not negligent because, although the court found that plaintiff hired an attorney within a week of his discharge from the nursing home, this bill of review action was not filed until three

months later. We do not know the reason for the three month delay and cannot say it was unreasonable. We hold that plaintiff was not negligent in this respect either through his own actions or the actions of his attorney.

■ Defendant next argues that a meritorious defense to the cause of action was not proved. Plaintiff testified that some of the property granted to defendant was his separate property and the rest was community property. This divorce decree gave everything to defendant and only required defendant to continue to handle certain payments for plaintiff. Furthermore, the value of the estate awarded to defendant was significant. The court found that plaintiff "had a meritorious claim to a portion of the community property of the parties, which he did not receive," and we agree. Clearly, a different property division would be obtained on a subsequent trial, and indeed was obtained. Consequently, we conclude that plaintiff established a meritorious defense. *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex.1979); *Northcutt v. Jarrett*, 585 S.W.2d 874, 877 (Tex.Civ.App.—Amarillo 1979, writ ref'd n. r. e.).

■ Defendant's last argument is that plaintiff did not meet his burden of proving plaintiff was prevented from making his defense through the extrinsic fraud, accident or wrongful act of defendant. The court concluded that defendant's conduct constituted "fraud, accident and wrongful act." Furthermore, the court found that defendant told plaintiff that he did not need an attorney, and that she told plaintiff that the property settlement and waiver of citation were all right but did not read them to him. The testimony of appellee and others at trial fully supports these findings and the conclusion that plaintiff was prevented from making his defense through the wrongful or fraudulent acts of defendant.

■ Defendant urges that the court erred in finding that defendant's statement at the divorce hearing that plaintiff was receiving government benefits and that the benefits would cease if he owned property was untrue. She contends that this finding would only support a finding of intrinsic fraud, not extrinsic fraud, which is necessary to maintain a bill of review. The court made no finding as to whether defendant had committed intrinsic or extrinsic fraud, but only found she had committed "fraud, accident, and wrongful act." We hold that the court's other findings, described above, would support a finding of either extrinsic fraud or wrongful act by defendant. Extrinsic fraud is fraud that denies the bill of review plaintiff the opportunity to fully litigate his rights at the prior trial. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 1001 (1950). The facts here support such a finding.

Affirmed.