**Leroy Lester ARNDT, Appellant,**

v.

**Shirley Ann ARNDT, Appellee.**

**No. A14–86–28–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 1986.

See also, 709 S.W.2d 281.

Richard T. Nuffer, Brenham, for appellant.

Jamie J. Elick, Shirley Jalowy, Bellville, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Leroy Arndt appeals dismissal of a bill of review in which he asked the court to set aside a divorce decree. We affirm because appellant has failed to present a prima facie defense.

The original divorce petition was filed by appellee, Shirley Ann Arndt, February 6, 1979. Appellant executed a waiver of citation and acceptance of service February 7, 1979. The decree of divorce was entered June 5, 1981. Appellant's signature appears on the decree. Appellant filed his suit in the nature of an equitable bill of review April 5, 1984. After a pre-trial hearing the trial court ordered appellant's cause dismissed with prejudice because appellant had not presented a meritorious defense.

A bill of review is an independent equitable remedy brought by a party to a former action seeking to set aside a judgment no longer appealable or subject to a motion for a new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). In order to be successful upon a bill of review,

the complainant must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party (or official mistake), (3) unmixed with any fault or negligence of his own. *Id.* at 406–07. These grounds are narrow and strictly construed because the need for equitable relief must be counterbalanced against the fundamental importance of achieving finality of judgments and the elimination of endless litigation. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

The procedure to be utilized in a bill of review is outlined in *Baker v. Goldsmith,* 582 S.W.2d at 408–09. First, the complainant must file a petition that alleges factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. He must also plead facts sufficient to constitute a defense. *Id.*

Before conducting a full trial on the bill of review, a court may conduct a hearing at which the complainant is to present prima facie proof to support his contended defense. *Id.* "A prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered." *Id.*

The defense alleged by appellant in his first amended petition is that he received a "grossly inequitable and disproportionately small share of the community estate." He does not allege that his former wife concealed community assets or deceived him as to the value of the community property. *Cf. DeCluitt v. DeCluitt,* 613 S.W.2d 777 (Tex.Civ.App.—Waco 1981, writ dism'd); *Kessler v. Kessler,* 693 S.W.2d 522 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). He alleges appellee induced him into signing the decree without consulting an attorney and that he was incapable of understanding his rights because he was suffering from acute alcoholism.

Appellant complains that appellee received property valued at $176,035 while he got property valued at $13,250. These values are based on an appraisal and inventory filed by appellant ten days after the August 7, 1984, *"Baker v. Goldsmith* hearing" conducted by the court. On October 7, 1985, the court signed an order dismissing the bill of review because, as a matter of law, appellant had not presented a prima facie meritorious defense.

The family code dictates that the court issuing a decree of divorce "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Tex.Fam. Code Ann. § 3.63(a) (Vernon Supp.1986). The trial court has wide latitude and discretion in dividing the community estate. *Vallone v. Vallone,* 644 S.W.2d 455, 460 (Tex.1982).

Appellant's defense amounts to a complaint that the trial court abused its discretion. Considering the counter-balancing goals of finality of judgments and the elimination of endless litigation, we feel that abuse of discretion is not a proper subject for a bill of review. *See Earp v. Earp,* 688 S.W.2d 245, 248 (Tex.App.—Fort Worth 1985, no writ). A complainant bringing a bill of review based solely on abuse of discretion cannot establish that he will be entitled to judgment on retrial if no evidence to the contrary is offered. *See Baker v. Goldsmith,* 582 S.W.2d at 409.

We hold appellant has not set forth a meritorious defense and overrule his single point of error.

Affirmed.