**WEST TEXAS STATE BANK,**
**Appellant,**

v.

**GENERAL RESOURCES MANAGE-**
**MENT CORPORATION, Appellee.**

**No. 14656.**

Court of Appeals of Texas,
Austin.

Sept. 24, 1986.

Philip R. Russ, Amarillo, for appellant.

Denise P. Tomlinson, Don L. Baker, Law Offices of Baker & Price, Austin, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

BRADY, Justice.

Appellant, West Texas State Bank, by writ of error seeks to set aside a default judgment rendered by the district court of Travis County. We do not reach the merits of this cause but instead abate the appeal and order the trial court to make and file findings of fact respecting the judgment.

Appellee, General Resources Management Corporation, filed an application for writ of garnishment against appellant in order to satisfy a $400,000 money judgment against Ernest R. Reeves. Appellant failed to answer and appellee obtained a default judgment for $409,072.36 on August 26, 1985. This judgment initially recited that appellee recover these damages from Reeves. At some point in time, however, Reeves' name was stricken from the judgment and appellant's name substituted in his place.

On October 2, 1985, the district clerk of Travis County mailed a copy of all the documents in this cause to Reeves. Among these documents was a copy of the judgment. This copy of the judgment did not contain the interlineation substituting appellant's name for that of Reeves, indicating that as of October 2 the judgment had not yet been altered to reflect appellant as the judgment debtor. Thus, in the transcript there are two copies of the same judgment; one corroborated by the trial court's docket sheet indicates that a default judgment was rendered against Reeves; the other by interlineation indicates that a judgment was rendered against appellant.

Appellant asserts nine points of error on appeal, seven of which concern the judgment and the interlineation contained therein. Before we can resolve the issues presented by appellant, however, this Court must determine whether the judgment against appellant is properly before this Court. The resolution of this problem, in turn, depends upon whether the district court was empowered to alter the judgment by interlineating appellant. The power to make such a change depends upon when the change was made, that is, whether the interlineation was made at a time when the trial court still had control over the judgment. The proper forum for such a factual determination is the trial court itself. Therefore, we abate the appeal in this cause and direct the trial court to determine when the interlineation was entered upon the judgment. *See* Tex.R. App.P. 81 (West 1986); *Cf. Rose v. Rose,* 598 S.W.2d 889, 892 (Tex.Civ.App.1980, writ dism'd); *Fine v. Scott,* 592 S.W.2d 56, 58 (Tex.Civ.App.1979, writ ref'd n.r.e.);

The trial court is directed to make and file a finding as to the date the interlineation was made. The finding shall be made, filed, and returned to this Court by way of supplemental transcript on or before October 8, 1986.