**Joan HILL, Appellant,**

v.

**Larry Steve STEINBERGER, Appellee.**

**No. 01–91–00468–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 5, 1992.

Barry J. Hards, Joan Hill, Houston, for appellant.

Dennis B. Kelly and Sallee S. Smyth, Houston, for appellee.

Before DUNN, DUGGAN and O'CONNOR, JJ.

## OPINION

DUNN, Justice.

Appellant, Joan Hill, appeals the granting of a summary judgment in favor of appellee, Larry Steve Steinberger.

A final decree of divorce between Joan Hill and Larry Steve Steinberger was signed on January 16, 1986. On July 14, 1989, Hill filed a bill of review, seeking to have the judgment set aside because: 1) Steinberger's fraud and misrepresentations prevented Hill from asserting her rights to a greater share of the marital estate; 2) due to Steinberger's misrepresentations, Hill was not represented by an attorney at the divorce proceedings, and failed to consult an attorney during the divorce; 3) Steinberger fraudulently misrepresented aspects of the divorce proceedings to Hill, including the nature and extent of the community property; and 4) Steinberger committed fraud against Hill and breached his fiduciary duties to her, which fraud and breach resulted in Hill being deprived of her legal rights. Steinberger answered the petition, asserting the affirmative defenses of laches and estoppel.

On October 30, 1990, Steinberger filed a motion for summary judgment. A hearing on the motion for summary judgment was held on November 27, 1990. The trial court granted the motion for summary judgment on January 30, 1991.

In her first point of error, Hill asserts that the trial court erred in granting Steinberger's motion for summary judgment because the trial court did not consider Stein-berger's motion for summary judgment pleading, in which Steinberger accepted as true all the factual allegations contained in Hill's original petition for bill of review. In her second point of error, Hill contends the trial court erred in granting Steinberger's motion for summary judgment because genuine issues of material fact existed, the trial court failed to accept as true evidence favorable to the nonmovant, and the trial court failed to resolve all doubts in favor of the nonmovant.

When reviewing the granting of a motion for summary judgment, an appellate court must take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved in her favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988). The movant has the burden of showing that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. *MMP*, 710 S.W.2d at 60.

When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ). Summary judgment is proper for a defendant if his summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App.— Houston [1st Dist.] 1989, writ denied). Summary judgment is also proper for a defendant if he conclusively establishes all elements of his affirmative defense as a matter of law. *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1984).

Rule 329b(f) of the Texas Rules of Civil Procedure provides: "On the expiration of the time within which the trial court has plenary power, a judgment cannot be

set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law." TEX.R.CIV.P. 329b(f). Although the term "sufficient cause" is not defined by the rules, the Texas Supreme Court has set out what a petitioner must allege and prove in order to invoke a bill of review and set aside a final judgment. The petitioner must allege and prove: 1) a meritorious defense to the cause of action alleged to support the judgment, 2) which she was prevented from making by the fraud, accident, or wrongful act of the opposing party, 3) unmixed with any fault or negligence of her own. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). A petitioner must also show that she has exercised due diligence to avail herself of all adequate legal remedies against a former judgment, and at the time she files the bill of review, there remains no adequate legal remedy still available. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989).

In his motion for summary judgment, Steinberger accepted as true the following factual allegations contained in Hill's petition: 1) virtually all the property in the marital estate was awarded to Steinberger; 2) Hill's monetary settlement in the divorce action was much less than her share of the parties' marital estate; 3) the amount of child support Steinberger is required to pay under the divorce decree is well below the child support guidelines established by the Texas Supreme Court; 4) Steinberger misrepresented the nature and value of the community property estate of the parties; 5) Steinberger failed to disclose the true nature, extent, and value of the parties' community property, including the value of Steinberger's dental practice; 6) Steinberger prevented Hill from asserting rights to a greater share of the parties' community property estate; 7) due to fraudulent misrepresentations and breach of trust by Steinberger, Hill did not consult with an attorney during the divorce proceedings; 8) to induce Hill from hiring her own attorney, Steinberger fraudulently misrepresented to Hill that she did not need her own attorney because Steinberger would take care of her interests and treat her fairly in

the divorce; 9) Steinberger's acts and omissions prevented Hill from asserting rights to greater child support payments; 10) Steinberger's misrepresentations and concealment of material facts prior to and during the divorce proceeding constituted fraud and breach of Steinberger's fiduciary duty to Hill; 11) Steinberger's intimidating and overbearing manner and actions had such an overwhelming effect on Hill that she was unable to exercise independent judgment and free will; 12) Hill's failure to assert a claim to a greater share of the parties' marital estate and to greater child support payments was not the result of any negligence or fault of Hill; 13) despite the exercise of due diligence, Hill did not discover Steinberger's fraud until after the date for filing a motion for new trial; and 14) Hill has no other adequate legal remedy than a bill of review.

■ Steinberger judicially admitted the above facts in his motion for summary judgment. *See Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.,* 606 S.W.2d 692, 694 (Tex.1980); *Daves v. State Bar of Texas,* 691 S.W.2d 784, 790 (Tex.App.— Amarillo 1985, writ ref'd n.r.e.). A judicial admission is conclusive on the party making it, and it relieves the opposing party's burden of proving the admitted fact, and bars the admitting party from disputing it. *Mendoza,* 606 S.W.2d at 694; *Daves,* 691 S.W.2d at 790.

■ A meritorious defense is made out when it is determined that the petitioner's defense is not barred as a matter of law, and that she will be entitled to judgment on retrial if no evidence to the contrary is offered. *Baker v. Goldsmith,* 582 S.W.2d 404, 408–409 (Tex.1979). Where it is shown that a different property division will be obtained on a retrial, the petitioner establishes a meritorious defense. *Rose v. Rose,* 598 S.W.2d 889, 895 (Tex.Civ.App.— Dallas 1980, writ dismissed w.o.j.).

Steinberger admitted that Hill was prevented from asserting rights to a greater share of the parties' community estate and to greater child support payments. He admitted misrepresenting and failing to dis-

close the nature, extent, and value of the community property. He also admitted that Hill's monetary settlement was much less than her share of the parties' marital estate. These factual admissions raise at least a fact issue as to whether Hill would have been able to present a meritorious defense to the property division made in the original divorce decree. *Baker*, 582 S.W.2d at 408–409; *Rose*, 598 S.W.2d at 895.

■ Only extrinsic fraud entitles a petitioner to bill of review relief. *Alexander*, 226 S.W.2d at 1001. Extrinsic fraud is that which denies a losing litigant the opportunity to fully litigate her rights or defenses upon trial. *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984). Extrinsic fraud must be collateral to the matter actually tried and not something that was actually or potentially in issue in the trial. *Id.* "Extrinsic fraud is conduct that prevents a real trial upon the issues involved." *Id.* at 313.

Steinberger admitted he made fraudulent misrepresentations concerning Hill's need for an attorney in the divorce proceedings, and that those fraudulent misrepresentations were made in order to induce Hill to refrain from hiring a lawyer. He admitted that his acts and omissions prevented Hill from asserting rights to greater child support payments, and that Hill had no representation or voice in determining the provisions of the decree. He also admitted that he prevented Hill from asserting rights to a greater share of the community property estate. These factual admissions raise a genuine issue of material fact as to whether Hill was prevented from making a meritorious claim for greater child support payments and a greater share of the community estate by Steinberger's fraud. *See Montgomery*, 669 S.W.2d at 313–14.

Steinberger admitted that Hill's failure to assert a claim to a greater share of the community estate and to greater child support payments, was not a result of any negligence or fault of Hill. Therefore, Steinberger admitted that Hill's failure to assert a meritorious claim at the divorce proceedings was not due to any negligence

or fault on Hill's part, that the failure resulted from Steinberger's fraud. This admission raises at least a genuine issue of material fact as to whether Hill's failure to assert a meritorious greater claim to community property and child support payments in the divorce proceedings was due to fault or negligence on her part.

We hold that there were genuine issues of material fact as to whether Hill alleged and proved that she had a meritorious greater claim to community property and child support payments in the cause of action supporting the divorce decree, which she was prevented from making by Steinberger's fraud, unmixed with any negligence or fault of her own.

Steinberger contends that this case is analogous to *Kennell v. Kennell*, 743 S.W.2d 299 (Tex.App.—Houston [14th Dist.] 1987, no writ), and *Arndt v. Arndt*, 714 S.W.2d 86 (Tex.App.—Houston [14th Dist.] 1986, no writ), and that we should reach the same result as the courts did in those cases. We disagree.

In *Kennell*, the ex-wife filed a bill of review petition alleging her ex-husband made several misrepresentations regarding the value of marital properties and the income and tax liability of the ex-husband's business. *Kennell*, 743 S.W.2d at 299–300. The court affirmed the granting of a summary judgment in favor of the ex-husband. *Id.* at 302. The court found that there was no summary judgment evidence presented to show any extrinsic fraud on the part of the ex-husband. *Id.* at 301. The court held that the ex-wife did not show that she was unable to discover the values of the properties and the income and tax liability of the business, because she had employed an accountant and a lawyer to investigate those matters and could have discovered them on her own. *Id.* The court held that the ex-wife did not present evidence that her ex-husband coercively induced her to accept his representations. *Id.*

In *Arndt*, the ex-husband filed a petition for bill of review, asserting that he received a grossly inequitable and disproportionately small share of the community estate. *Arndt*, 714 S.W.2d at 87–88. The ex-

husband did not allege that his ex-wife concealed any community assets or misrepresented the value of the community property. *Id.* at 88. He alleged that his ex-wife induced him to sign the divorce decree without consulting an attorney, and that he could not understand his rights because he was suffering from alcoholism. *Id.* The court held that the appellant's defense amounted to a complaint that the trial court abused its discretion in dividing the marital estate, which was not a proper subject for a bill of review. *Id.*

Both *Kennell* and *Arndt* are distinguishable from this case. Here, Hill did allege Steinberger concealed community assets, and that he misrepresented the value of the community property. Hill alleged the reason she did not have an attorney to represent her in the divorce proceedings was due to Steinberger's misrepresentations, not her own fault or negligence. Also, Hill had no attorney or accountant to discover Steinberger's misrepresentations or the value of the community assets.

We find this case analogous to *Decluitt v. Decluitt*, 613 S.W.2d 777 (Tex.Civ.App.—Waco 1981, writ dism'd w.o.j.). In *Decluitt*, the appellant alleged that the appellee obtained the divorce judgment by threats and duress amounting to extrinsic fraud; that the appellant was mentally incapable of understanding the need for an attorney; that she was awarded only a fraction of the assets she would have received in an equal division of the community property; and that the appellee had assured her he would treat her fairly. *Id.* at 778. The court held that the appellee's motion for summary judgment should not have been granted because there were genuine issues of material fact as to whether the appellant had a meritorious defense to the trial court's judgment dividing the community property, which she was prevented from making by fraud or the wrongful acts of the appellee, unmixed with any fault or negligence on her part. *Id.* at 781.

As in *Decluitt*, Hill did not employ an attorney due to Steinberger's misrepresentations that he would take care of everything. Also, Hill alleged that she received a smaller share of the community property than she would have received but for Steinberger's fraud.

We hold that Steinberger did not establish every element of his affirmative defenses as a matter of law. Hill's acceptance of the community disposition made in the divorce decree does not, as a matter of law, estop her from a review of the divorce decree because she alleged that she was led into accepting the decree without contest through fraud and misrepresentation on the part of Steinberger, through no fault or negligence by her. *Kessler v. Kessler*, 693 S.W.2d 522, 525 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

Also, Steinberger did not establish his affirmative defense of laches as a matter of law because he judicially admitted that: 1) Hill's failure to assert a claim to a greater share of the parties' marital estate and to greater child support payments was not the result of any negligence or fault of Hill, and 2) Hill exercised due diligence in attempting to discover Steinberger's fraud. Because Steinberger admitted these facts, we hold that he did not establish every element of his affirmative defense of laches as a matter of law.

Hill's first and second points of error are sustained.

The judgment is reversed, and the cause remanded.