# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00098-CV

**Yevette Heiser and Joe Heiser, Appellants**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT
### NO. 01-558-C395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING

This appeal stems from the denial of a petition for bill of review and for injunctive relief following the voluntary termination of parental rights. In four issues, appellants Yevette Heiser and Joe Heiser assert that (1) they did not voluntarily relinquish their parental rights because they misunderstood the legal effect of signing irrevocable affidavits of voluntary relinquishment of parental rights, and (2) the district court incorrectly found that appellants failed to present *prima facie* proof of a meritorious defense or evidence of fraud, accident, or wrongful act by the Texas Department of Protective and Regulatory Services, and that they were at fault in the termination proceedings. Concluding that the evidence in the record supports the district court=s findings, we affirm the judgment of the district court as modified.

**PROCEDURAL BACKGROUND**

In May 2001, the Heisers were convicted of criminally negligent bodily injury to one of their two children and sentenced to two years in a state jail. In a related civil case, the Department sought termination of the Heisers= parental rights to both children. On June 6, 2001, shortly before the trial of the civil case, both parents signed irrevocable[1] affidavits of voluntary relinquishment of parental rights, and a hearing was held on the same day. At the termination hearing, the Heisers urged that their children be placed with family members but acknowledged that they understood there was no guarantee of that placement. The district court found by clear and convincing evidence that termination of parental rights was in the best interest of the children, entered agreed orders of termination, appointed the Department as permanent managing conservator of the children,[2] and dismissed the attorneys whom the Heisers had retained to represent them in the termination proceedings.

---

[1] **The relinquishment of parental rights in an affidavit that designates the Texas Department of Protective and Regulatory Services to serve as the managing conservator is irrevocable. Tex. Fam. Code Ann. ' 161.103(e) (West Supp. 2002).**

[2] The McBrides, Mrs. Heiser=s parents, also sought managing conservatorship of the children. In an *amicus* capacity in this appeal, Mr. McBride urged that the district court deprived the McBrides of their due process rights by ignoring their petition in intervention for managing conservatorship. Although the McBrides filed a separate appeal, it was dismissed at their request.

Within days of the termination hearing, the Department planned a trip for the children to visit family members who lived out of state, as part of its investigation to place the children with family. Soon afterward, the Department received information that Mrs. Heiser intended to reestablish contact with her children through the family members. The trial judge canceled the children=s travel plans based on a recommendation by the Department that, because of this potential for reestablishing contact, placement with the out-of-town family members would not be in the best interest of the children. At some point thereafter, the Heisers learned of the trial judge=s decision.

Mrs. Heiser filed a petition for bill of review and injunctive relief on October 4, 2001, contending that her relinquishment was not voluntary and seeking to enjoin the Department from placing the children with anyone but family members; Mr. Heiser joined in the petition on November 6, 2001. After a hearing on November 16, 2001, the district court rendered an order denying the petition for bill of review and injunctive relief, accompanied by findings of fact and conclusions of law. The Heisers appeal the district court=s denial of their petition for bill of review and injunctive relief.

## ANALYSIS

**A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). AOn expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause . . . .@ Tex. R. Civ. P. 329b(f). Courts narrowly construe the Asufficient cause@ upon which a judgment may be**

3

**set aside on bill of review because of the fundamental policy that judgments must become final at some point.** *See Transworld Fin. Servs. Corp. v. Briscoe*, **722 S.W.2d 407, 407 (Tex. 1987).**

**The complainant must set forth three elements in a sworn petition for bill of review: (1) a meritorious defense to the cause of action alleged to support the judgment, or a meritorious claim, (2) which the party was prevented from making by either the fraud, accident, or wrongful act of the opposing party or official mistake, and (3) which is unmixed with the party=s own fault or negligence.** *See Baker*, **582 S.W.2d at 408;** *Hanks v. Rosser*, **378 S.W.2d 31, 34-35 (Tex. 1964). As a pretrial matter, the complainant must further present** *prima facie* **proof of a meritorious defense,** showing that the defense is not barred as a matter of law, which would entitle the complainant to judgment on retrial if no evidence to the contrary is offered. *Baker*, 582 S.W.2d at 408-09. This *prima facie* proof may be through documents, answers to interrogatories, admissions, affidavits on file, and any other evidence that the trial court receives in its discretion. *Id*. at 409. If the trial court determines that the complainant did not make a *prima facie* showing of a meritorious defense, the court shall dismiss the case. *Id*.

The district court=s order denying the Heisers= petition for bill of review was accompanied by extensive findings of fact and conclusions of law. Because we have a complete reporter=s record, we are not bound by the trial court=s findings of fact. *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex. App.CSan Antonio 1995, writ denied). Instead, we review the findings of fact for legal and factual sufficiency of the evidence to support them, under the same standard as reviewing jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). In considering legal sufficiency, we consider all of the evidence in the light

**4**

most favorable to the prevailing party, indulging every inference in that party=s favor. *Associated Indem. Corp. v. CAT Contracting, Inc*., 964 S.W.2d 276, 285-86 (Tex. 1998). In reviewing factual sufficiency, we consider all of the evidence and uphold the finding unless the evidence is too weak to support it or the finding is so against the overwhelming weight of the evidence as to be manifestly unjust. *Westech Eng=g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 195 (Tex. App.CAustin 1992, no writ). However, we review a court=s conclusions of law *de novo. Black v. City of Killeen*, 78 S.W.3d 686, 691 (Tex. App.CAustin 2002, pet. denied).

The Heisers allege as a preliminary issue that the district court=s dismissal of their attorneys at the end of the termination hearing constituted an official mistake, depriving them of the ability to bring a timely appeal within thirty days of the termination order.[3] We will address this preliminary issue first.

Citing *Baker* and *Peralta v. Heights Medical Center, Inc.*, the Heisers assert that the dismissal of their attorneys violated their due process rights and relieves them of having to present *prima facie* proof of a meritorious defense. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988); *Baker*, 582 S.W.2d at 404. Both *Peralta* and *Baker* are distinguishable. In *Peralta*, the appellant never had an opportunity to raise a meritorious defense because of improper service of process, violating

---

[3] The Heisers also assert that dismissal of their attorneys prevented them from being able to Amonitor the transfer of the children to their family.@ They attested in their affidavits, however, that AI FULLY UNDERSTAND THAT I MAY NOT BE INFORMED ABOUT THE TERMINATION SUIT OR ABOUT ANY OTHER HEARINGS OR PROCEEDINGS AFFECTING THE CHILDREN NAMED IN THIS AFFIDAVIT.@

5

appellant=s due process rights. *Peralta*, 485 U.S. at 86-87. In *Baker*, a file clerk misplaced defendant=s answer, leading to an improper default judgment. The court concluded that this act constituted an official mistake. *Baker*, 582 S.W.2d at 407.

Here, the district court neither violated the Heisers= due process rights nor made an official mistake. In cases involving irrevocable affidavits of relinquishment, a court may terminate parental rights only upon finding by clear and convincing evidence that the parent **Aexecuted before or after the suit [affecting the parent-child relationship] is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights,@ and that termination is in the best interest of the child.** Tex. Fam. Code Ann. **'** 161.001(1)(K) & (2) (West Supp. 2002). After applying this standard, the district court signed an agreed order of termination, then dismissed the Heisers= attorneys. Neither the Heisers nor their attorneys objected to the dismissal at the termination hearing. After entry of the final agreed termination order, the attorneys= representation of the Heisers in the termination proceedings logically ended. Thus, the district court=s dismissal of the attorneys was within its discretion; it was not an official mistake. **AConsidering the counter-balancing goals of finality of judgments and the elimination of endless litigation, . . . abuse of discretion is not a proper subject for a bill of review.@** *Arndt v. Arndt*, **714 S.W.2d 86, 88 (Tex. App.CHouston [14th Dist.] 1986, no writ).** We therefore overrule this preliminary issue.

The Heisers allege in their first issue that their affidavits were not voluntary because they did not understand the legal effect of the affidavits. They contend that the Department misled them into believing that the legal effect of signing the affidavits would be to place the children with family members. Because

**6**

**A[t]he natural right which exists between parents and their children is one of constitutional dimensions,@** *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976), an affidavit of relinquishment must be made **Avoluntarily, knowingly, intelligently, and with full awareness of the legal consequences.@** *Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.CAustin 2000, pet. denied).

The proponent of the affidavit has the burden to establish by clear and convincing evidence that the affidavit was executed according to the family code requirements. Tex. Fam. Code Ann. ' 161.103; *see also Vela*, 17 S.W.3d at 758. After the proponent has met that burden, the burden shifts to the affiant to establish by a preponderance of the evidence that the affidavit was executed because of Acoercion, duress, fraud, deception, undue influence, or overreaching.@ *In re Bruno*, 974 S.W.2d 401, 405 (Tex. App.CSan Antonio 1998, no pet.) (citing *Coleman v. Smallwood*, 800 S.W.2d 353, 356 (Tex. App.CEl Paso 1990, no writ)). Unenforceable promises and undue influence can render an affidavit of relinquishment involuntary. *See Queen v. Goeddertz,* 48 S.W.3d 928, 932 (Tex. App.CBeaumont 2001, no pet.) (affidavit involuntary because of unenforceable written promises of continued visitation); *Vela*, 17 S.W.3d at 762-63 (affidavit involuntary because of adoption agency=s unenforceable and deceptive oral promises of visitation); *Neal v. Texas Dep=t of Human Servs.*, 814 S.W.2d 216, 221-22 (Tex. App.CSan Antonio 1991, writ denied) (affidavit involuntary because of husband=s coercion of wife to sign). An involuntarily executed affidavit is a complete defense to a termination decree. *Vela*, 17 S.W.3d at 759.

After concluding that the Department carried its burden, the district court found that the Heisers failed to prove that Athe affidavits of relinquishments would not have been made absent any . . .

7

representations@ about placement of the children or to produce any evidence of Amistake or reliance on mistaken information.@ At the termination hearing, Mrs. Heiser testified in an examination by her attorney:

| | |
|---|---|
| [DEFENSE ATTORNEY]: | And you have signed an affidavit of relinquishment of your parental rights this morning; is that correct? |
| MRS. HEISER: | Yes, sir. |
| [DEFENSE ATTORNEY]: | You=ve done that after meeting with your counsel and discussing all of your options? |
| MRS. HEISER: | (Moving head up and down) |
| [DEFENSE ATTORNEY]: | You need to make an answer that the court reporterC |
| MRS. HEISER: | Yes, sir. |

. . . .

| | |
|---|---|
| [DEFENSE ATTORNEY]: | And it=s your understanding based on those discussions that the Department and the guardians ad litem are going to be, in good faith, pursuing a placement of the children with your brother and his family; is that your understanding? |
| MRS. HEISER: | It is, and that=s what led me to sign this. |
| [DEFENSE ATTORNEY]: | But you understand that there=s no guarantee that that is going to happen, that they are just going to make an effort to see there is a possible resolution for the children; you understand that, correct? |
| MRS. HEISER: | I understand there=s no guarantee, period. |

Mrs. Heiser later testified that she understood the effect of having the Department appointed as permanent managing conservator of the children.

Mr. Heiser gave similar testimony when examined by his attorney:

[DEFENSE ATTORNEY]: Mr. Heiser, you have heard [Mrs. Heiser=s attorney] explain to your wife the circumstances we=re under here regarding you coming in and voluntarily relinquishing your parental rights to both of your children; you=ve heard all of that?

MR. HEISER: Yes.

[DEFENSE ATTORNEY]: And I have, also, discussed this with you, correct?

MR. HEISER: Yes.

[DEFENSE ATTORNEY]: Do you understand what [Mrs. Heiser=s attorney] went through with Yvette [sic] that this is a plan that is going to be pursued but there is no guarantee that the children will, ultimately, end up with your brother-in-law and his wife?

MR. HEISER: That=s correct.

The trial judge and the attorney ad litem for one of the children also advised the Heisers on the record at the hearing that there was no guarantee of placement. Although Mrs. Heiser testified later that she had been distraught when signing the affidavit, the record contains no other proof of her emotional state. In any event, any emotional upset that she may have felt in executing the affidavit did not render it involuntary. *See Lumbis v. Texas Dep=t of Prot. & Regulatory Servs.*, 65 S.W.3d 844, 851 (Tex. App.C Austin 2002, pet. denied). Examining the record for evidence that the Heisers signed the affidavits in reliance on mistaken or misleading information provided by the Department, we find none. The record supports the district court=s findings that the Heisers signed the affidavits voluntarily and with knowledge of the legal effect of

9

signing, not subject to any unenforceable promises or undue influence by the Department. We therefore overrule the Heisers= first issue.

In their second issue, the Heisers assert that the district court incorrectly found that the Heisers Afailed to show any credible evidence, and failed to meet their burden to show that they have a meritorious defense to the cause of action alleged to support [the] Judgment.@ **The Heisers had the burden to present *prima facie* proof of a meritorious defense at the pretrial hearing,** showing that their defense was not barred as a matter of law, and they would be entitled to judgment on retrial if no evidence to the contrary were offered. *Baker*, 582 S.W.2d at 408-09. **Because the only relevant inquiry at the pretrial hearing is a question of lawC whether the Heisers presented *prima facie* proof of a meritorious defense that is not barred as a matter of lawC we review the district court=s decision on this issue *de novo*. *See Jones v. Texas Dep=t of Prot. & Regulatory Servs.*, No. 03-01-00279-CV, slip op. at 8, 2002 Tex. App. LEXIS 6397, at \*12 (Tex. App.C Austin Aug. 30, 2002, no pet. h.).**

The Heisers contend that the involuntariness of their affidavits is *prima facie* proof of a meritorious defense. The district court found that the Heisers Afailed to show any credible evidence@ of a meritorious defense. As discussed above, the record does not show that the affidavits were executed involuntarily or that the Heisers misunderstood the legal effect of the affidavits. Additionally, the Heisers did not raise a meritorious defense in their pleadings. We hold that the district court had adequate grounds to deny the Heisers= petition for bill of review for failure to present *prima facie* proof of a meritorious defense, and we overrule the Heisers= second issue. *See Baker,* 582 S.W.2d at 409**.**

**10**

The Heisers allege in their third issue that the district court incorrectly found Ano evidence of any fraud, accident, or wrongful act on the part of@ the Department.[4] They assert that the Department acted fraudulently by breaching representations that it would place the children with family members. **At the termination hearing, the Department agreed to seek the placement of the children with family** *in good faith*. **Through questioning by her own attorney, Mrs. Heiser testified AI understand there=s no guarantee, period@ that the Department=s commitment to a good-faith effort** would lead to placement of the children with family.

**Mr. Heiser, when questioned by one of the attorneys ad litem, testified as follows:**

**[ATTORNEY AD LITEM]: But you are signing it because that=s what you want to do in the hopes that down the road the childrenC that that placement with the [family] will be pursued in the hopes that it is the final placement for the children?**

**MR. HEISER: That is correct.**

**[ATTORNEY AD LITEM]: You, also, understand that there are many things, unforeseen things, that could happen that would prevent that from happening, but that is the C that is where we are going from today if this relinquishment happens, the Department is going to pursue that avenue?**

**MR. HEISER: That=s correct.**

---

[4] At oral argument, however, they argued that they did not have to show fraud because they did not sign their affidavits knowingly and voluntarily.

11

The trial judge stated, AIt is my understanding that pursuit [of placement] is going to start quickly after this hearing is over, but there is no guarantee.  If it doesn≠t work out, it doesn≠t work out.@ He added,  ANobody≠s going to be placed anywhere and nobody≠s going to be adoptedC nobody≠sC nothing≠s going to happen unless I give that approval.@ The district court concluded in its findings of fact that the Heisers Awere repeatedly questioned and stated that they in fact understood that this was not guaranteed and reasonable cause could still prevent such placement@ and that they Aspecifically understood that the ultimate decision regarding placement belonged to the Court, regardless of any recommendation of the Department.@

The Heisers did not adduce any proof that the Department did not act in good faith or induced the Heisers into signing the affidavits.  The record supports the district court≠s finding that the Heisers presented no evidence of any fraud, accident, or wrongful act by the Department.  We overrule the Heisers= third issue.[5]

**CONCLUSION**

The record contains legally and factually sufficient evidence to support the district court≠s findings that the Heisers voluntarily signed their irrevocable affidavits of relinquishment of parental rights and understood the legal effect of those affidavits.  Applying the same standard of review, we hold that the record further supports the district court≠s findings that the Heisers failed to present *prima facie* proof of a

---

[5]  **In light of our disposition of the Heisers= first three issues, we need not address their fourth issue.**

meritorious defense or proof of any wrongful act by the Department. Accordingly, we overrule the Heisers=

first three issues. Because dismissal is the correct disposition for failure to present *prima facie* proof of a

meritorious defense, *see Baker,* 582 S.W.2d at 409, we modify the judgment to reflect a dismissal and

affirm the judgment of the district court as modified.

 

 

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Modified and, as Modified, Affirmed

Filed:   October 3, 2002

Do Not Publish