Judith J. KENNELL, Appellant,

v.

Richard E. KENNELL, Sr., Appellee.

No. A14–87–382–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 25, 1987.

Linda Marshall, Clarence F. Kendall, III, Houston, for appellant.

Robert J. Piro, Pamela E. George, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Judith Kennell brought a bill of review concerning an agreed divorce judgment. The trial court granted summary judgment for the defendant, Richard Kennell [Richard]. Judith Kennell [Judith] brings one

point of error on appeal, alleging that the trial court erred in granting summary judgment.

A bill of review requires: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which she was prevented from making by the fraud, accident, or wrongful act of the opposite party, (3) unmixed with any fault or negligence of her own. *See Rathmell v. Morrison*, 732 S.W.2d 6, 13 (Tex.App.—Houston [14th Dist.] 1987, no writ) (citing *Alexander v. Hagedorn*, 148 Tex. 565, 568, 226 S.W.2d 996, 998 (1950)). The fraud must be extrinsic. *Alexander v. Hagedorn*, 148 Tex. 565, 574, 226 S.W.2d 996, 1001 (1950). Extrinsic fraud is that which denies a party the opportunity to fully litigate all the rights or defenses that the party was entitled to assert. *Id.* Richard presented summary judgment evidence that conclusively established that Judith could not prevail on her claim of extrinsic fraud. In addition, Richard proved that Judith was negligent in (1) failing to rely upon the evidence and expert opinions that she had in her possession rather than Richard's alleged representations, and (2) failing to discover existing objective evidence that would have conclusively established the truth or falsity of his alleged representation. Richard established with summary judgment evidence that Judith was not entitled to the relief sought. *See Gray v. Bertrand*, 723 S.W.2d 957 (Tex.1987). Therefore, we affirm.

■■■ In response to Richard's summary judgment motion and proof, Judith presented summary judgment evidence of several misrepresentations. None of these representations constitutes extrinsic fraud. In her petition, Judith first alleged that her former husband [Richard] had misrepresented the income of his business and misrepresented the resulting tax liability for two of the months, January and February, before her divorce decree was entered. Judith agreed in the divorce judgment to shoulder part of the tax liability for those two months. She further claimed that she, her legal counsel, and her C.P.A. relied upon Richard's representations because the final figures were not available for the period. Second, Judith alleged that Richard had concealed the true value of the company. Her petition for a bill of review stated that Richard had told her that the business was "worth far less than either appraisal which had been obtained by both sides." Judith claimed in her petition that she had trusted her husband and that she had been unable to ascertain his credibility. She also alleged that Richard sold the business after the divorce for more than Richard had told her before the divorce that it was worth. Finally, in her third allegation of fraud, Judith claimed that her husband had falsely promised various benefits for the children, but admitted that she had agreed not to include these promises in the judgment. Judith did not present any summary judgment evidence in support of these allegations that was sufficient to raise a material issue of fact. The third allegation judicially admits that Judith chose not to litigate or legally obligate Richard to render the benefits to the children. Moreover, the rules relating to contracts in general apply to agreed judgments. *Edwards v. Gifford*, 137 Tex. 559, 155 S.W.2d 786, 787 (1941); *O'Connor v. O'Connor*, 694 S.W.2d 152, 155 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Since there is no written agreement including these promises, the Parole Evidence Rule prevented the trial court from treating these benefits to the children as consideration for Judith's concessions in the agreement. *See Wagner v. Morris*, 658 S.W.2d 230, 231 (Tex.App.—Houston [1st Dist.] 1985, no writ).

In *Rathmell v. Morrison*, this court held that a spouse had committed extrinsic fraud when he coercively induced the other spouse to accept his misrepresentations regarding the values of assets rather than investigate and litigate these values. 732 S.W.2d at 14. The *Rathmell* opinion distinguished on this basis *Bankston v. Bankston*, 251 S.W.2d 768 (Tex.Civ.App.—Dallas 1952, no writ). In *Bankston*, the appellate court affirmed a summary judgment for the defendant. *Id.* at 774. The husband in *Bankston* had allegedly misrepresented the values of assets, but the wife's attorney had independently investigated those values. *Id.* at 773. The facts of the

present case are very similar to the facts in *Bankston.* Every relevant piece of information was available to Judith during the original divorce proceeding through normal discovery procedures. Her attorney and her certified public accountant [C.P.A.] conducted an independent investigation of the assets and their values. She was responsible (1) for the depth of her attorney's discovery, (2) for the quality of her C.P.A.'s evaluations, and (3) for her own decision to disregard both parties' professional appraisals in favor of Richard's alleged under-valuation. Judith contends that she could not get final sales figures for the January and February before her divorce. Richard presented summary judgment evidence that Judith's attorney chose to complete the negotiations before these figures were available. Judith did not present summary judgment evidence that she was unable to discover the underlying sales documentation at the time the parties negotiated the agreed judgment. Judith could have discovered the documentary evidence necessary to ascertain Richard's business income for any period during the marriage. Judith, unlike the plaintiff in *Rathmell,* did not present evidence that her husband had coercively induced her to accept his representations. Thus, the present case is similar to *Bankston* and clearly distinguishable from *Rathmell.*

Extrinsic fraud can be based upon non-coercive actions of a fiduciary. *See generally, Montgomery v. Kennedy,* 669 S.W.2d 309 (Tex.1984). Judith contends that *Montgomery v. Kennedy* controls the issue of whether her summary judgment evidence raised an issue of extrinsic fraud. A husband and wife normally stand in a fiduciary relationship to one another. *Bohn v. Bohn,* 420 S.W.2d 165, 170 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ dism'd). In *Montgomery,* the Texas Supreme Court held that a fiduciary had committed extrinsic fraud when he concealed assets in order to prevent their inclusion in an agreed judgment. 669 S.W.2d at 313–14. The court noted that a fiduciary's concealment of any material fact constitutes extrinsic fraud if the concealment prevents a party from presenting at trial his legal right. *Id.*

at 313. However, the court emphasized that finality of judgments was fundamentally important. *Id.* at 312. The court concluded that the controlling question is always whether the alleged fraud prevented the party bringing the bill of review from knowing about and presenting his legal rights at trial. *Id.* at 314.

Thus, in accordance with *Montgomery,* Richard established that he had not prevented Judith from knowing about and presenting her rights. He further established that if Judith lacked material information at trial it was because of her own negligence. Judith failed to present summary judgment evidence that Richard had prevented her from knowing about and asserting her legal rights at trial. None of her summary judgment evidence disputes that she was able to discover every relevant piece of information and to draw her own conclusions about that information.

■ Misrepresenting the value of known community assets does not alone constitute extrinsic fraud. *Rathmell,* 732 S.W.2d at 13. Divorce litigants commonly assert differing valuations and differing versions of the facts. If each party has access to the evidence that will prove or disprove an assertion, the party making the assertion has concealed nothing. One purpose of divorce proceedings is to resolve the differences in the parties' perceptions or assertions of fact. The purpose of a bill of review is not to reopen litigation every time a party, upon further reflection, decides that he is unsatisfied with the result in a case. Judith presented no summary judgment evidence that during her divorce proceedings she was unable to discover documentary evidence to substantiate or refute each of Richard's assertions during negotiation of the agreed judgment. Even if all of Judith's evidence of misrepresentations is accurate, she presented no evidence that the misrepresentations prevented her from asserting her rights and defenses at trial. *See Montgomery v. Kennedy,* 669 S.W.2d at 312.

■ When a defendant moves for summary judgment and disproves even one ele-

ment of the plaintiff's case, the defendant is entitled to summary judgment unless the plaintiff raises a material issue of fact as to that element. *See, e.g., Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 107–08 (Tex.1984). Richard conclusively disproved both extrinsic fraud and Judith's lack of negligence. Judith failed to raise any issue of fact regarding extrinsic fraud. In addition, she admitted facts indicating that her negligence, not Richard's misrepresentations, caused any shortcomings in the agreed judgment. Appellant's point of error is overruled. Tex.R.Civ.P. 166–A. The judgment of the trial court is affirmed.

Affirmed.