Charlotte Lynn Ward WILLIAMSON,
Appellant,

v.

Ralph Ervin WILLIAMSON, Appellee.

No. 08–97–00346–CV.

Court of Appeals of Texas,
El Paso.

Feb. 18, 1999.

Rehearing Overruled March 23, 1999.

Jessie Alliene Amos, Brown McCarroll & Oaks Hartline, Austin, for Appellant.

James P. Boldrick, Boldrick, Clifton, Holland & Essman, Midland, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

Charlotte Lynn Ward Williamson contends that the trial court improperly granted Ralph Ervin Williamson's motion for summary judgment.

### FACTS

Charlotte and Ralph Williamson were divorced on November 7, 1995 by a final decree of divorce entered by the 318th Judicial District Court of Midland County, Texas. On appeal, Charlotte Williamson urges that the property settlement should be set aside by virtue of a bill of review. She maintains that division of the community estate was improper by reason of extrinsic fraud and fraudulent inducement. According to Charlotte Williamson's petition for bill of review, her husband threatened that if she did not sign the divorce judgment approving the settlement, he would turn all of the community property over to her because he knew she could not handle the management responsibilities. These threats occurred prior to the signing of the divorce decree. Mr. Williamson also misrepresented the health of the community estate. Throughout the entire process leading up to the divorce settlement, Charlotte Williamson was represented by counsel, and employed two accountants to assist in the divorce.

Ralph Williamson moved for summary judgment based on two theories: first, that Charlotte Williamson failed to exhaust her available remedies without sufficient excuse and therefore, had no right to an equitable action seeking a bill of review; second, that Charlotte Williamson made no prima facie showing of a meritorious defense and is barred from proceeding as a matter of law. Upon reviewing the motion for summary judgment, the trial court agreed with Ralph Williamson and granted his motion for summary judgment without specifying the theory upon which the court relied. This appeal follows.

### DISCUSSION

■ When a trial court's order does not specify the grounds relied on for its ruling, the reviewing court will affirm the order if any theory advanced is meritorious.[1] The reviewing court considers only the evidence before the trial court at the time of the summary judgment motion hearing.[2]

■ Courts do not look on bills of review with favor.[3] The burden on the bill of review petitioner is heavy, as judgments must be accorded some finality.[4] A bill of review is an independent action of an equitable nature brought by a party to the former action seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial.[5] A bill of review is designed to prevent manifest injustice,[6] but the fact that

1. *Lawrence v. Lawrence,* 911 S.W.2d 443, 446 (Tex.App.—Texarkana 1995, writ denied).

2. *Id.*

3. *Law v. Law,* 792 S.W.2d 150, 153 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

4. *Bakali v. Bakali,* 830 S.W.2d 251, 255 (Tex. App.—Dallas 1992, no writ).

5. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989).

6. *French v. Brown,* 424 S.W.2d 893, 895 (Tex. 1967); *Hesser v. Hesser,* 842 S.W.2d 759, 765 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

an injustice occurred is not sufficient cause to justify relief by bill of review.[7] Relief by bill of review is available *only if a party has exercised due diligence to pursue all adequate legal remedies against a former judgment, and through no fault of its own, no adequate legal remedy was available.*[8] Thus, to be entitled to a bill of review, Charlotte Williamson must show a good excuse for failure to exhaust adequate legal remedies.[9] If legal remedies were available but ignored, the equitable remedy of a bill of review will not later intervene.[10]

In this case, Ms. Williamson's failure to file a motion for new trial or regular appeal is fatal to her bill of review. Clearly, she knew of the threats by her husband because they occurred before the signing of the divorce decree. She had sufficient time to file a motion for new trial or regular appeal; however, she did not pursue those options.

Moreover, misrepresenting the value of known community assets does not alone constitute extrinsic fraud.[11] Divorce litigants commonly assert differing valuations and differing versions of facts.[12] If each party has access to the evidence that will prove or disprove an assertion, the party making the assertion has concealed nothing.[13] One purpose of divorce proceedings is to resolve the differences in the parties' perceptions or assertions of fact.[14] Charlotte Williamson, aided by her lawyer and accountants, should have known about any misrepresentations concerning the financial condition of the community estate because Ralph Williamson gave them access to the underlying financial information. Nevertheless, she did not pursue a timely appeal or new trial on that issue. The purpose of a bill of review is not to reopen litigation every time a party, upon further reflection, decides that she is dissatisfied with the result in a case.[15] The trial court correctly granted Ralph Williamson's motion for summary judgment. Appellant's sole issue before this court is overruled.

## CONCLUSION

We affirm.

---

7.  *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950); *Hesser*, 842 S.W.2d at 765.

8.  *Tice*, 767 S.W.2d at 702; *Lawrence*, 911 S.W.2d at 447.

9.  *Hesser*, 842 S.W.2d at 765.

10.  *Id.*

11.  *Kennell v. Kennell*, 743 S.W.2d 299, 301 (Tex. App.—Houston [14th Dist.] 1987, no writ).

