COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RICHARD ROSS,                                                )

                                                                              )

Appellant,                          )

                                                                              )           
No.  08-03-00096-CV

v.                                                                           )

                                                                              )                 Appeal from the

ACCESS HEALTHSOURCE, INC.,
As               )

Assignee of O. R. BROOKER,
W. A.                   )          
County Court at Law #7

PITCHFORD, NATALIE T.
BORNSTEIN,         )

MARIA G. CARDENAS, VERNOY                    )          of El Paso County,
Texas

WALKER, RANDOLPH WALDMAN,               )

WALKER JACKSON, and MARY
WARD,        )                  (TC#
2003-080)

and KATHRYN HORN and JOEL
HENDRYX,   )

                                                                              )

Appellees.                          )

 

 

MEMORANDUM  OPINION

 








Appellant Richard
M. Ross appeals a turnover order to enforce a default judgment against him in
cause number 99-1459 and the trial court=s
granting of summary judgment denying the bill of review in favor of Appellees,
Access Healthsource, Inc., as assignee of O. R. Brooker, W. A. Pitchford,
Natalie T. Bornstein, Maria G. Cardenas, Vernoy Walker, Randolph Waldman,
Walker Jackson, and Mary Ward; and Kathryn Horn and Joe Hendryx (collectively AAppellees@)
and denial of his summary judgment motion in cause number 2003-080.  The two related appeals have been
consolidated for briefing and oral argument purposes only, therefore separate
opinions will be issued for each cause. 
Mr. Ross raises eight issues for review, five challenge the trial court=s turnover order and the remaining three
contend the trial court erred in granting summary judgment in favor of
Appellees and in denying Mr. Ross=
summary judgment motion.  In this
opinion, we consider the three issues challenging the trial court=s judgment on the motions of summary
judgment.[1]  We reverse the trial court=s judgment in cause number 2003-080 and
remand that cause to the trial court for further proceedings.

PROCEDURAL
AND FACTUAL BACKGROUND

On April 26, 1999,
Plaintiffs O. R. Brooker, W. A. Pitchford, Natalie T. Bornstein, Maria G.
Cardenas, Vernoy Walker, Joel Hendryx, Randolph Waldman, Walker Jackson,
Kathryn Horn, and Mary Ward brought suit against Defendants Mr. Ross, Dr.
Richard Standridge, and James Farrelly in County Court of Law Number Seven, El
Paso County, Texas.  In their original
petition, Plaintiffs, all shareholders in a physician practice management
organization, alleged that the defendants fraudulently induced them to execute
a stock merger agreement in which they transferred all their existing capital
stock into stock of Access Healthsource, Inc. 
Specifically, Plaintiffs alleged that the Defendants falsely represented
how and why the stock merger into Access Healthsource would be beneficial to
them and as a result of the Defendants=
misrepresentations the value of their stock went from five million dollars to
zero dollars.  Defendants Dr. Standridge
and Mr. Farrelly were served by process and filed an answer in the lawsuit.








On October 19,
1999, the trial court granted Appellees=
motion for substitute service of process on Appellant Mr. Ross at an address in
Scottsdale, Arizona.  The Arizona process
server=s
affidavit on November 1, 1999, states that he attempted to personally serve Mr.
Ross at the given address, but had to post and mail the documents served.  The description of documents served does not list
the citation and the record does not contain a return receipt for certified
mail, though the affidavit states the documents were mailed by certified
mail.  On January 21, 2000, Appellees
obtained a default judgment against Mr. Ross in which they were awarded five
million dollars in actual damages and five million dollars in exemplary damages
plus interest and attorney=s
fees.  The default judgment recites that
Mr. Ross was duly served with process in cause number 99-1459.  On February 29, 2000, the trial court severed
Appellees= cause of
action against Defendants Dr. Standridge and Mr. Farrelly from its default
judgment against Mr. Ross.[2]

In March 2000,
Appellees sought enforcement of the Texas default judgment in an Arizona state
court.  On April 17, 2000, Mr. Ross filed
a motion under Ariz.R.Civ.P.
60(c) to vacate the foreign judgment Appellees had filed in Arizona based on
insufficient service of process.  In
their response to Mr. Ross=
motion, Appellees asserted he was properly served in the Texas lawsuit.  On August 8, 2000, the Arizona state court
found insufficient service of process on Mr. Ross and ordered the foreign
judgment filed by Appellees Avoid
and hereby vacated.@








On January 7,
2003, Mr. Ross filed a petition for bill of review, challenging the default
judgment obtained against him by Appellees in January 2000.  In his petition, he alleged inter alia
that Appellees wrongfully obtained a default judgment against him, that he has
a meritorious defense to the underlying lawsuit, that the trial court give full
credit to the Arizona judgment finding improper service on him in the default
judgment, and that his inability to prevent the entry of the default was not
the result of any fault or negligence on his part.  In their answer, Appellees asserted that a
bill of review was not available to Mr. Ross because he failed to exhaust other
legal remedies available to him to challenge the default judgment in Texas and
was at fault or negligent in having the default judgment rendered against
him.  The parties then filed
cross-motions for summary judgment on the bill of review.  On January 31, 2003, the trial court granted
summary judgment in favor of Appellees, denied Mr. Ross=
motion for summary judgment, and ruled that Mr. Ross=
bill of review petition to set aside the January 2000 default judgment was
denied.  Mr. Ross now timely appeals the
trial court=s
judgment in cause number 2003-080.

Bill
of Review

In Issues Six
through Eight, Mr. Ross contends the trial court erred in granting Appellees= motion for summary judgment denying
the bill of review and the denial of his motion for summary judgment.

Standard
of Review








Summary judgment
is proper when the movant establishes there is no genuine issue of material
fact and that he is entitled to judgment as a matter of law.  See Tex.R.Civ.P.
166a(c); Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546,
548-49 (Tex. 1985).  The question on
appeal is not whether the summary judgment proof raises fact issues as to the
elements of the movant=s
cause or claim, but rather whether the summary judgment proof establishes, as a
matter of law, that there is no genuine issue of material fact as to one or
more elements of the movant=s
cause or claim.  Wyatt v. Longoria,
33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.).  In determining whether the movant has carried
this burden, all evidence favorable to the non-movant must be taken as true and
all reasonable inferences must be indulged in favor of the non-movant, and any
doubts must be resolved in the non-movant=s
favor.  Nixon, 690 S.W.2d at
548-49; Wyatt, 33 S.W.3d at 31. 
When both sides file motions for summary judgment and one is granted and
the other is denied, we review all questions presented.  FM Properties Operating Co. v. City of
Austin, 22 S.W.3d 868, 872 (Tex. 2000); Jones v. Strauss, 745 S.W.2d
898, 900 (Tex. 1988)(per curiam)(orig. proceeding).  When a summary judgment order does not
specify on what grounds it was granted, we will affirm the judgment if any of
the theories advanced in the motion is meritorious.  Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989).  

Grounds
for Bill of Review








A bill of review
is an equitable proceeding brought by a party seeking to set aside a prior
judgment that is no longer subject to challenge by a motion for new trial or
appeal.  Caldwell v. Barnes, 975
S.W.2d 535, 537 (Tex. 1998); see Tex.R.Civ.P.
329b(f).  Although it is an equitable
proceeding, the fact that an injustice has occurred is not sufficient to
justify relief by review.  Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999); see also Williamson
v. Williamson, 986 S.W.2d 379, 380-81 (Tex.App.--El Paso 1999, no
pet.).  Ordinarily, a petitioner for bill
of review must prove:  (1) a meritorious
claim or defense to the cause of action alleged to support the judgment; (2)
which fraud, accident, or the opposing party=s
wrongful act prevented him from making; and (3) without any fault or negligence
of his own.  Wembley Inv. Co., 11
S.W.3d at 927; Baker v. Goldsmith, 582 S.W.2d 404, 408 (Tex. 1979).  Further, bill of review relief is available
only if a party has exercised due diligence in pursuing all adequate legal
remedies against a former judgment.  Wembley
Inv. Co., 11 S.W.3d at 927.  If legal
remedies were available but ignored, relief by equitable bill of review is
unavailable.  Id.; Williamson,
986 S.W.2d at 381.

Where the
petitioner was not served with process, he need not prove he had a meritorious
defense, is not required to show he was prevented from presenting such a
defense by fraud, accident, or wrongful act of his opponent, and his own want
of fault or negligence is established.  See
Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86, 108 S.Ct. 896, 900, 99
L.Ed.2d 75 (1988) (constitutional due process relieves petitioner from proving
meritorious defense where no service); Texas Indus., Inc. v. Sanchez,
525 S.W.2d 870, 871 (Tex. 1975)(proof of not having been served with citation
obviates proving that petitioner was prevented from making defense by fraud,
accident, or wrongful act of the opposite party); Caldwell, 975 S.W.2d
at 537 (if no service, want of fault or negligence is established).

In his motion for
summary judgment, Mr. Ross argued he was entitled to summary judgment granting
the bill of review because the underlying default judgment is void due to the
lack of service of process on him.  A
default judgment will not withstand direct attack if strict compliance with the
rules relating to the issuance of citation, the manner and mode of service, and
the return of process does not affirmatively appear in the record.  See Primate Const., Inc. v. Silver,
884 S.W.2d 151, 152 (Tex. 1994); Uvalde Country Club v. Martin Linen Supply
Co., Inc., 690 S.W.2d 884, 885 (Tex. 1985); World Distributors, Inc. v.
Knox, 968 S.W.2d 474, 477 (Tex.App.--El Paso 1998, no pet.).  There are no presumptions favoring valid
issuance, service, and return of citation. 
World Distributors, Inc., 968 S.W.2d at 477.








Mr. Ross presented
summary judgment evidence to show numerous deficiencies in the service of
process on him.  In the underlying
default judgment, Appellees attempted to serve Mr. Ross at 7670 Sierra
Vista Dr., Scottsdale, Arizona without success. 
The trial court granted Appellees=
motion for substituted service, ordering citation to be served upon Mr. Ross at
that address, together with a copy of the original petition, copies of the
motion and substituted service order, Aby
leaving a true copy of the citation, with a copy of Plaintiff=s Original Petition attached, to anyone
over sixteen (16) years of age at 7670 Sierra Vista Dr. Scottsdale, Arizona
85252; and by affixing it to the door of the building at the above specified
location.@  In his affidavit, Richard Acree, an Arizona
process server, listed the suit documents he posted at and mailed by certified
return receipt to the address.  Mr. Acree=s description does not include the
citation as one of the documents served.[3]  It also does not state that he personally
served any person over sixteen years old at the address.  Mr. Ross also notes that no citation is
attached to Mr. Acree=s
affidavit and no citation appears in the trial court=s
record for the default judgment.[4]  Further, in his motion Mr. Ross asserted
there is no court order in the record authorizing Mr. Acree to serve process on
him pursuant to Texas Rule of Civil Procedure 103.[5]








Mr. Ross also
argued that Appellees failed to comply strictly with the trial court=s substituted service order pursuant to
Texas Rule of Civil Procedure 107 because the order specifically required
personal service to any person over sixteen years old and posting, not posting
and certified mailing.[6]  Even if service by certified mail was in
compliance with the court=s
order, Mr. Ross notes Mr. Acree=s
affidavit of service does not include return receipt and no such receipt is
contained in the trial court=s
record in the underlying cause.[7]

Appellees in their
motion for summary judgment and on appeal argue that as a matter of law, Mr.
Ross= complete
failure to pursue any of the legal remedies available to him under Texas law
after he had notice of the default judgment shows he failed to exercise due
diligence, precludes him from seeking a bill of review to vacate that judgment.  See Caldwell, 975 S.W.2d at
537.  In support of their motion,
Appellees presented summary judgment evidence to show Mr. Ross knew of the
Texas default judgment by April 17, 2000, which was the date he submitted the
Motion to Vacate Foreign Judgment to the Arizona state court to challenge the
domesticated default judgment.[8]  Based on this date, Appellees argue Mr. Ross
had sufficient time to file a motion for new trial, an appeal, or a restricted
appeal, but failed to do so.








Generally, a party
must exhaust all available legal remedies before pursuing a bill of
review.  Rundle v. Commission for
Lawyer Discipline, 1 S.W.3d 209, 216 (Tex.App.--Amarillo 1999, no pet.), citing,
French v. Brown, 424 S.W.2d 893, 895 (Tex. 1967).  If a party permits a judgment to become final
by neglecting to file a motion for new trial, appeal, or appeal by writ of
error, then the party is precluded from proceeding on a petition for bill of
review unless the complaint shows a good excuse for failure to exhaust
adequate legal remedies.  Rundle,
1 S.W.3d at 216.  In order to prevail on
their motion for summary judgment denying the bill of review, Appellees were
required to prove, as a matter of law, Mr. Ross=
lack of due diligence in pursuing all available legal remedies. 

Here, summary
judgment evidence shows Appellees obtained a default judgment against Mr. Ross
on January 21, 2000.  That judgment
became final on February 29, 2000, the date the trial court severed the default
judgment from Appellees=
suit against Defendants Dr. Standridge and Mr. Farrelly.  On March 31, 2000, Appellees sought
enforcement of the Texas default judgment in an Arizona state court.  On April 17, 2000, Mr. Ross filed his motion
to vacate the domesticated Texas default judgment in Arizona.  The parties do not dispute that Mr. Ross knew
of the Texas default judgment by April 17, 2000.  Therefore, Mr. Ross was aware of the default
judgment at least forty-five days after it became final.  Under the rules of civil procedure,
Mr. Ross could have filed a motion for new trial, an appeal, or a
restricted appeal to set aside the default judgment in Texas.  See Tex.R.Civ.P.
306a(4), 329b; Tex.R.App.P. 30,
26.1(c).








In response, Mr.
Ross contends he exercised reasonable care when he learned of the default
judgment by promptly obtaining a judgment in Arizona, where Appellees were
attempting to enforce it, vacating the default judgment.  Soon after, Appellees re-filed identical
claims against him by adding him as a defendant in the severed suit against his
codefendants.  Mr. Ross filed an answer
to that suit, which is still pending.  In
his motion, Mr. Ross asserted that he then believed the default judgment had
been resolved.  Appellees then made no
effort to enforce the default judgment for two years.  Based on these circumstances, Mr. Ross
asserts any reasonable person in his position would have believed it
unnecessary to pursue any further remedies in Texas.








Before the
petitioner may bring a claim for bill of review, he must allege and prove that
he has exercised all due diligence to pursue all adequate legal remedies to the
judgment in controversy or show good cause for failing to exhaust the same.  See Caldwell, 975 S.W.2d at 537;
Hesser v. Hesser, 842 S.W.2d 759, 765 (Tex.App.--Houston [1st Dist.]
1992, writ denied)(petitioner must show a good excuse for failure to exhaust
adequate legal remedies to be entitled to a bill of review citing Griffith
v. Conard opinion); Griffith v. Conard, 536 S.W.2d 658, 661
(Tex.Civ.App.--Corpus Christi 1976, no writ)(lack of due diligence not shown as
a matter of law where representations made before and after default judgment
was entered); see also Miller v. Miller, No. 05-02-01903-CV, 2003 WL 22363363
(Tex.App.--Dallas October 15, 2003, no pet. h.)(not designated for
publication).  We cannot conclude that
Appellees established, as a matter of law, Mr. Ross=
lack of due diligence in light of circumstances which create a fact issue as to
whether Mr. Ross has shown good cause for failing to exhaust his legal
remedies.  Since the summary judgment
evidence establishes a genuine issue of fact with respect to Mr. Ross= failure to exercise due diligence,
Appellees are not entitled to summary judgment as a matter of law, and
therefore, the trial court erred in granting summary judgment denying the bill
of review.  See Tex.R.Civ.P. 166a(c).  Accordingly, Issue Six is sustained and we
need not address Issues Seven and Eight regarding the summary judgment order.[9]

Accordingly, we
reverse the trial court=s
granting of summary judgment denying the bill of review in cause number
2003-080 and remand that cause to the trial court for further proceedings.

 

 

 

December 4, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.











[1]
In Issues One through Five of his appellate brief, Mr. Ross complains of the
trial court=s
granting of turnover relief in trial cause number 99-1459, consolidated with
this appeal for briefing and oral argument purposes only.  Disposition of these issues are addressed in
this Court=s opinion
in Ross v. Access Healthsource, Inc., et al., No. 08-03-00079-CV.





[2]
On October 27, 2000, Appellees amended their original petition in their severed
action against Dr. Standridge and Mr. Farrelly, now cause number 2000-764 , to
include Mr. Ross as a Defendant and alleged claims virtually identical to those
alleged in the default judgment against Mr. Ross.  Mr. Ross filed an answer to that suit on
November 17, 2000.





[3]
Texas Rule of Civil Procedure 99(a) requires a defendant in a suit be served
with a citation and a copy of the petition. 
Tex.R.Civ.P. 99(a).  Tex.R.Civ.P.
107 provides:  ANo
default judgment shall be granted in any cause until the citation . . . shall
have been on file with the clerk of the court ten days, exclusive of the day of
filing and the day of judgment.@  Tex.R.Civ.P.
107.





[4]
Texas Rule of Civil Procedure 107 requires that return of service be endorsed
on or attached to the citation and state when the citation was served and the
manner of service and be signed by the officer officially or by the authorized
person.  See Tex.R.Civ.P. 107.





[5]
Texas Rule of Civil Procedure 103 designates who may serve process.  Citation and other notices may be served by
any sheriff or constable or other person authorized by law or by written order
of the court who is not less than eighteen years of age.  See Tex.R.Civ.P.
103.





[6]
Texas Rule of Civil Procedure 107 states A[w]here
citation is executed by an alternative method as authorized by Rule 106, proof
of service shall be made in the manner ordered by the court.@ 
Tex.R.Civ.P. 107.





[7]
Texas Rule of Civil Procedure 107 requires that A[w]hen
the citation was served by registered or certified mail as authorized by Rule
106, the return by the officer or authorized person must also contain the
return receipt with the addressee=s
signature.@  Tex.R.Civ.P.
107.





[8]
On February 1, 2000, the district clerk [El Paso County] sent notice of the
default judgment to Mr. Ross at 7670 Sierra Vista Drive in Scottsdale, Arizona.





[9]See
this Court=s opinion
in Ross v. Access Healthsource, Inc., et al, No. 08-03-00079-CV,
regarding disposition of Issues One through Five addressing Mr. Ross= complaints on appeal of the trial
court=s
turnover order in trial cause number 99-1459, which was consolidated with this
appeal for briefing and oral argument purposes only.