Susan J. HESSER, Appellant,

v.

James Craig HESSER, Appellee.

Susan J. HESSER, Relator,

v.

The Honorable Henry G. SCHUBLE III, Judge of the 245th District Court of Harris County, Texas, Respondent.

Nos. 01–91–01137–CV, 01–92–00026–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 5, 1992.

Rehearing Denied Jan. 7, 1993.

Shawn Casey, Houston, for appellant.

Randall B. Wilhite, Houston, for appellee.

Before COHEN, SAM BASS and JONES, JJ.

## OPINION

COHEN, Justice.

Relator, Susan J. Hesser, seeks a writ of mandamus compelling the respondent, Judge Henry Schuble III, to set aside his order of November 8, 1989, awarding James Hesser damages of $60,000.[1] Ms. Hesser attacked the same judgment in a bill of review, but the trial judge granted a summary judgment denying all relief, from which she appeals. We ordered the two cases consolidated.

## FACTS

The trial judge signed an agreed judgment granting the Hessers a divorce on August 24, 1989. It required Ms. Hesser to make the payments on the $227,561.09 mortgage on the family residence she received in the distribution of property. Within the first weeks after the divorce, Ms. Hesser failed to make the first two mortgage payments, totalling $5,580.12. Mr. Hesser, still obligated under the mortgage, timely filed a motion for new trial, and, in the alternative, asked that Ms. Hesser be ordered to obey the specific terms of the decree, which required her to deposit $30,000 with a trustee to secure her mortgage payments. He also requested that Ms. Hesser be required to deposit an additional $30,000 with the trustee, for a total of $60,000, to serve as security for her payment on the mortgage.

The hearing on the motion for new trial was scheduled for October 10, 1989, with proper notice to Ms. Hesser and her attorney. However, before the hearing and at Ms. Hesser's request, her attorney withdrew, and Ms. Hesser proceeded pro se. On October 10, Ms. Hesser called Mr. Hesser's attorney, and said she knew about the

hearing, but would not attend. At the hearing on October 10, 1989, the trial judge did not rule on the motion for new trial, but ordered Ms. Hesser to deposit $60,000 with the trustee by October 17, 1989. The order was delivered to Ms. Hesser, and she signed for it. Nonetheless, Ms. Hesser still did not pay either the mortgage payments or the trustee.

On October 19, 1989, Mr. Hesser filed a motion for a show cause hearing to determine whether Ms. Hesser had complied with the court order by paying $60,000 to the trustee by October 17.

On October 20, 1989, Mr. Hesser attempted to notify Ms. Hesser of the hearing, though not by citation issued by the court. Privately prepared notices were sent by hand delivery to her home and her office, but she refused them. On the copy sent to her home, Ms. Hesser wrote on the envelope, "Dear Randy, please grow up and leave me alone. Susan Hesser."

On October 25, 1989, Ms. Hesser failed to appear at the show cause hearing to determine whether she had deposited the $60,000 with the trustee. The trial judge reviewed the sworn allegations in the motion for new trial, heard Mr. Hesser's argument, and orally rendered a $60,000 default judgment in favor of Mr. Hesser. At this hearing, no additional pleadings were filed and no other evidence was introduced.

On November 7, 1989, seventy-five days after the signing of the divorce decree, Mr. Hesser's motion for new trial was overruled by operation of law. Tex.R.Civ.P. 329b(c). On November 8, 1989, still within the trial court's 30–day period of plenary power after the overruling of the motion for new trial, the trial judge signed the $60,000 default judgment against Ms. Hesser. That judgment stated that it was granted pursuant to Tex.Fam.Code Ann. § 3.74 (Vernon 1989).[2]

---

1. *In the Matter of the Marriage of Susan J. Hesser and James Craig Hesser, and in the Interest of David Hesser, a minor child,* trial court cause number 87–55139.

2. Section 3.74. Reduction to Money Judgment
   (a) If a party fails to comply with a decree of divorce or annulment and delivery of proper-

ty awarded in the decree is no longer an adequate remedy, the court may enter a money judgment for the damages caused by that failure to comply.
   (b) On the motion of any party who did not receive payments of money as awarded in a decree of divorce or annulment, the court

On November 10, 1989, the district clerk sent proper notices of the default judgment to Ms. Hesser, pursuant to TEX.R.CIV.P. 239a and 306a.

On February 2, 1990, Ms. Hesser was deposed. She admitted receiving various legal documents, but claimed to have thrown away all mail related to the legal action without reading it. She was then shown a copy of the $60,000 judgment, and was questioned about it.

On September 13, 1990, approximately 10 months after the default judgment, Ms. Hesser rehired her attorney. The same day, her attorney filed a motion to set aside the default judgment as void. Mr. Hesser responded, and claimed that because the period of plenary power had expired, the judge could set aside the judgment only through a bill of review. Agreeing, the trial judge ruled he had no power to set the judgment aside, and dismissed Ms. Hesser's motion.

On December 31, 1990, Ms. Hesser filed an equitable bill of review. On July 24, 1991, the bill of review was tried on stipulated facts, and the trial judge denied all relief.

Ms. Hesser requests a writ of mandamus to compel the trial judge to set aside the default judgment and also appeals the bill of review summary judgment.

## MANDAMUS

On September 13, 1990, the trial judge denied Ms. Hesser's request to set aside the default judgment. This request came more than 10 months after the judge had signed the default judgment. Despite notice of the default judgment, Ms. Hesser never moved for new trial, never appealed, and never filed a writ of error. TEX. R.APP.P. 45. It is undisputed that at the time of her request, September 13, 1990, the trial court had lost plenary power. TEX.R.CIV.P. 329b.

may enter judgment against a defaulting party for the amount of unpaid payments to which the movant is entitled. The remedy of a reduction to money judgment is in addition to all other remedies provided by law.

A trial judge may not set aside a judgment after the period of plenary power has expired, unless (1) he signed the judgment after plenary power over the parties expired, TEX.R.CIV.P. 329b(f); or (2) the court did not have subject matter jurisdiction when it signed the judgment. *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985); *Thursby v. Stovall*, 647 S.W.2d 953, 954 (Tex.1983); *Deen v. Kirk*, 508 S.W.2d 70, 71–72 (Tex.1974); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 711 (1961). Here, it is undisputed that the trial judge signed a default judgment before the period of plenary power expired. The remaining question is whether the trial court had subject matter jurisdiction to render judgment for damages when Ms. Hesser failed to comply with the divorce decree.

Ms. Hesser asserts that mandamus should issue because, under TEX.FAM.CODE ANN. § 3.74, the trial court was powerless to grant a judgment that changed the division of property in the agreed decree of divorce. She relies on TEX.FAM.CODE ANN. § 3.71 (Vernon 1989), which provides:

(a) *Except as provided by this subchapter* and by the Texas Rules of Civil Procedure, a court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. Further orders may be entered to enforce the division, but these orders shall be limited to orders in aid of or clarification of the prior order. The court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed. An order of enforcement does not alter or affect the finality of the decree of divorce or annulment being enforced.

(b) An order *under this section* that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the pow-

(c) A money judgment rendered under this section may be enforced by any means available for the enforcement of a judgment for debt.

er of the divorce court to enter and is unenforceable.

(Emphasis added.)

Ms. Hesser contends that, under section 3.71(b), the trial court lacked subject matter jurisdiction because the $60,000.00 default judgment changed the division of property in a final divorce decree and thus, in the words of the statute, it was "beyond the power of the divorce court to enter and is unenforceable." We disagree.

Section 3.71(a) allows a change in the property division that is made "as provided by this subchapter...." The subchapter referred to is subchapter D of chapter 3 of the Family Code. Subchapter D includes section 3.74, titled "Reduction to Money Judgment." It provides:

(a) If a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may enter a money judgment for the damages caused by that failure to comply.

(b) On the motion of any party who did not receive payments of money as awarded in a decree of divorce or annulment, the court may enter judgment against a defaulting party for the amount of unpaid payments to which the movant is entitled. The remedy of a reduction to money judgment is in addition to all other remedies provided by law....

Section 3.74(b) gave Judge Schuble the power to grant judgment against the defaulting party, Ms. Hesser, for the amount of unpaid payments ($30,000.00) that the trustee for Mr. Hesser was entitled to receive under the agreed divorce decree. Judge Schuble did that in the first paragraph of his October 10, 1989 order by requiring Ms. Hesser to pay that amount to the trustee within seven days. We hold that he had subject matter jurisdiction under section 3.74(b) to do so.

Judge Schuble also ordered an additional deposit of $30,000.00 cash to the trustee by Ms. Hesser "as additional security for her performance of the obligations as set forth in the Decree of Divorce." This was a new obligation on Ms. Hesser, in addition to the other obligations she had assumed in the agreed divorce decree. Because it was an order for an additional sum, it was not justified under section 3.74(b) because, in regard to the additional $30,000.00, Ms. Hesser was not, on October 10, 1989, "a defaulting party" and the additional $30,000.00 was not an amount that Mr. Hesser or the trustee was entitled to receive under the agreed divorce decree.

We hold, however, that Judge Schuble had subject matter jurisdiction under section 3.74(a) to require $30,000.00 in additional security. By October 10, 1989, Ms. Hesser had failed to comply with the divorce decree ordering her to deposit $30,000.00 with the trustee. Sworn pleadings alleged that she also failed to pay the mortgage and falsely told the mortgage company that Mr. Hesser was responsible. The trial judge could have concluded that Ms. Hesser had failed to comply with the decree of divorce and that delivery of the $30,000.00 originally awarded in the decree to the trustee was no longer adequate to secure her performance. Thus, under section 3.74(a), the trial judge could have entered a money judgment then for damages caused by her failure to comply. The judge did not go that far, however. Instead of awarding a judgment for damages, the trial judge ordered an additional $30,000.00 cash deposit to the trustee within seven days to secure Ms. Hesser's existing obligations under the divorce decree. This order did not change the division of property in the divorce decree; it only changed the amount of security required to ensure Ms. Hesser's performance of her agreed obligations. The decree provided for the return of any remaining proceeds to Ms. Hesser "upon the proper assumption and satisfaction in full of the mortgage loan."

We would not grant a writ of mandamus in this case, however, even if we believed that Judge Schuble's order had improperly changed the division of property in the divorce decree. Appellant relies on section 3.71(b) for the proposition that a change in the division of property previously made in a final decree of divorce is "beyond the

power of the divorce court to enter and is unenforceable." That limitation, however, applies only to "an order under this section," which means section 3.71. Judge Schuble's order states that it was made pursuant to section 3.74, a different section. Moreover, section 3.71(a) prohibits changes in the division of property "except as provided by this subchapter...." "This subchapter" includes section 3.74, under which Judge Schuble acted.

■ Section 3.74 plainly grants trial judges the power, at least in some circumstances, to award money damages caused by an ex-spouse's failure to obey a divorce decree. If the trial judge had power to make such an award under some circumstances, he had power to adjudicate the subject matter. The only question, then, is whether the order made was justified under these particular circumstances. If not, the judge made a mistake, but his mistake was in making the wrong decision, not in ruling upon a subject matter outside his control. It cannot be said, for example, that the judge should not have ruled at all on a request for relief under section 3.74, i.e., that he lacked even the power to deny the motion because of lack of subject matter jurisdiction. The situation is similar to a trial judge being asked to award one spouse's separate property to another. A trial judge cannot legally do that. His legal duty is to deny the motion. If he grants it, the judgment will be reversed on appeal. However, if the injured spouse does not appeal, the judgment cannot be attacked for lack of subject matter jurisdiction because the judge had the power to divide the spouses' property, as well as the duty to deny the motion. Just because the judge had the duty to deny the motion does not mean that he had no jurisdiction to grant it. Jurisdiction is the power to adjudicate, that is, to grant or deny relief. Lack of subject matter jurisdiction is the absence of power to make any ruling at all. Mandamus relief is available to set aside orders outside a judge's subject matter jurisdiction, not to correct erroneous orders affecting matters within the judge's jurisdiction. *Deen*, 508 S.W.2d at 72.

Ms. Hesser cites no authority showing that mandamus relief is the proper remedy to cure a property division prohibited under section 3.71. We hold that Judge Schuble had subject matter jurisdiction to grant relief under section 3.74.

■ Ms. Hesser next asserts the writ of mandamus should issue because there was a second final judgment in the same cause, in violation of Tex.R.Civ.P. 301. We disagree.

The judgment awarding $60,000.00 to Mr. Hesser bears the same number as the divorce decree, number 87–55139. It states, however, that it is brought pursuant to section 3.74. We conclude that it is a judgment in a separate suit for damages caused by failure to comply with the judgment in cause number 87–55139. As such, it should have received a different number, such as 87–55139–A, but the failure to give it one does not render it void here because the record shows two separate proceedings.

■ Ms. Hesser next contends mandamus should issue because there were no pleadings, evidence, or service of citation to support the judgment, thus violating her rights to due process of law under the Texas and United States Constitutions.

Ms. Hesser cites no authorities showing that such complaints would entitle her to mandamus relief. These are complaints that the judgment is erroneous, not that it is void. These complaints might have been cured by motion for new trial, direct appeal, writ of error, or bill of review, but not by mandamus. *Middleton*, 689 S.W.2d at 213–14; *Thursby*, 647 S.W.2d at 954; *Deen*, 508 S.W.2d at 71–72; *McEwen*, 345 S.W.2d at 711; *Davis v. Boone*, 786 S.W.2d 85, 87–88 (Tex.App.—San Antonio 1990, no writ).

Mandamus relief is denied.

### BILL OF REVIEW

Ms. Hesser also appeals from the trial court's summary judgment denying all relief on her bill of review. In a single point of error, Ms. Hesser claims the default judgment is void, and the trial judge should have set it aside.

A bill of review is an independent action brought by a party to a former action seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Ortega v. First RepublicBank, Fort Worth, NA,* 792 S.W.2d 452, 453 (Tex.1990); *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). It is an equitable proceeding designed to prevent manifest injustice. *French v. Brown,* 424 S.W.2d 893, 895 (Tex.1967). The bill of review plaintiff must show "sufficient cause" for relief under Tex.R.Civ.P. 329b(f). The fact that an injustice occurred is not sufficient cause to justify relief by bill of review. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). Relief by equitable bill of review is available only if a party has exercised due diligence to pursue all adequate legal remedies against a former judgment, and through no fault of her own, no adequate legal remedy was available. *Freeman v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989). Thus, to be entitled to a bill of review, Ms. Hesser must show a good excuse for failure to exhaust adequate legal remedies. *Griffith v. Conard,* 536 S.W.2d 658, 661 (Tex.Civ.App.—Corpus Christi 1976, no writ). If legal remedies were available but ignored, the equitable remedy of a bill of review will not later intervene. *McEwen,* 345 S.W.2d at 710.

Consequently, we must decide whether Ms. Hesser had an adequate legal remedy that she failed to pursue, such as a writ of error, a direct appeal, or a motion for new trial. *See* 4 R. McDonald, Texas Civil Practice in District & County Courts § 18.26.7 p. 380 (rev.1984). If so, she cannot prevail here.

A writ of error is available to a defendant if it is brought (1) within six months from the signing of the judgment, (2) by a party who did not participate in the trial on the merits, and (3) where there is error apparent on the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex. 1985); Tex.R.App.P. 45. Ms. Hesser concedes she had notice of the default judgment, at the latest, by February 2, 1989. At that point, because the judgment was signed on November 8, 1990, Ms. Hesser still had 95 days to file a writ of error. Tex.R.App.P. 45.

Ms. Hesser concedes she could have filed a writ of error, but argues a writ of error was not an adequate remedy because there was no error apparent on the face of the *judgment.* Ms. Hesser asserts that no error was apparent until evidence was later gathered in the subsequent bill of review proceeding. We disagree.

In a writ of error proceeding, courts look for error apparent on the face of the *record,* not simply the judgment. *DSC Fin. Corp. v. Moffitt,* 815 S.W.2d 551 (Tex.1991). Moreover, defective service is error apparent on the face of the record. *Armstrong v. Minshew,* 768 S.W.2d 883, 884 (Tex.App.—Dallas 1989, no writ); *Wright v. Wentzel,* 749 S.W.2d 228, 230 (Tex.App.—Houston [1st Dist.] 1988, no writ); *United Nat'l Bank v. Travel Music, Inc.,* 737 S.W.2d 30, 33 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). There are no presumptions of proper service when a default judgment is attacked by writ of error; failure to show strict compliance will render any attempted service invalid and cause a default judgment to be set aside. *H.B. & W.M., Inc. v. Smith,* 802 S.W.2d 279, 281–82 (Tex.App.—San Antonio 1990, no writ).

Further, in a direct attack by writ of error in a default judgment, no presumption exists simply because, as in the present case, the judgment recites that proper service was issued. Strict compliance with the rules requiring service of process must be affirmatively shown by the transcript unless the defendant voluntarily appeared before judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Stephenson v. Corporate Serv.* 650 S.W.2d 181, 183 (Tex. App.—Tyler 1983, writ ref'd n.r.e.).

Ms. Hesser asserts that she was not properly served with process because the notice she refused on October 10 was not a citation from the court, but was only a notice prepared and delivered by private persons, even though no court order authorized her to be served by private process. If true, that was error apparent on the face

of the record. Ms. Hesser should have filed a writ of error. Instead, proceeding pro se, she did nothing. Because a legal remedy was available, but ignored, the trial judge correctly granted summary judgment.

Moreover, Ms. Hesser was not limited to filing a writ of error. The district clerk mailed notice of the default judgment to Ms. Hesser on November 10, 1990, two days after the judgment was signed. Ms. Hesser did not claim she did not receive it. Thus, she could have moved for new trial or appealed. Failure to file a motion for new trial when one has notice of a judgment within 30 days is negligence that precludes relief by bill of review. *National Bank v. First Nat'l Bank*, 682 S.W.2d 366, 368–69 (Tex.App.—Tyler 1984, no writ). Failure to pursue an available appeal is also fatal to a bill of review. *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967).

The point of error is overruled.

The judgment is affirmed.