cv5-401.dd.hatch.quick 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00401-CV








James Larrien Hatch, Appellant




v.




Delfina Dilia Proctor, formerly Delfina Dilia Hatch, Appellee








FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT


NO. 92-0369, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







PER CURIAM


 James Larrien Hatch appeals the denial of his bill of review. He sought to set aside
the judgment of divorce that ended his marriage to Delfina Dilia Hatch. Mr. Hatch raises several
points of error against various trial-court rulings. We will affirm the judgment because we find
that Mr. Hatch could not proceed by bill of review.

 Mr. Hatch was not eligible to proceed by bill of review because he did not use the
available avenues to challenge the original judgment. When a party permits a judgment to become
final by not filing a motion for new trial or an appeal, he cannot proceed by petition for bill of
review without showing good excuse for failure to exhaust adequate legal remedies. French v.
Brown, 424 S.W.2d 893, 895 (Tex. 1967); see also Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex.
1980); Hesser v. Hesser, 842 S.W.2d 759, 765 (Tex. App.--Houston [1st Dist.] 1992, writ
denied). Following a November 1992 trial, the trial court signed the final decree of divorce in
January 1993. Mr. Hatch did not file a motion for new trial until May 1993, after the judgment
became final. Nor did he appeal the judgment. He did not exhaust his available adequate legal
remedies.

 Neither did he show good excuse for his failure to exhaust these remedies. Mr.
Hatch contends that he was dissatisfied with his counsel's performance and that the judgment left
him with no money to seek counsel elsewhere. We find that these explanations do not show good
excuse. The record does not show that he was misinformed about the technical aspects of appeal. 
The record does not show that his trial counsel refused to file the appeal. Mr. Hatch admits that
he knew at the trial in November of the facts underlying his claims in the bill (e.g., that Mrs.
Hatch placed a much lower value on the marital homestead in his interrogatory responses than she
had in her draft responses and that she got a painting she had agreed he could have). More than
two months passed between the time the trial court announced its decision and when it signed the
judgment, so he had more than three months in which to decide whether to file a motion for new
trial. Had he filed a motion for new trial, he would have then had an additional two months in
which to consider whether to appeal. Though Mr. Hatch's subsequent diligence in researching
and pursuing this bill of review is not questioned, it does not show good excuse for ignoring
previously available remedies. 

 Our decision obviates discussion of Mr. Hatch's points of error. Because he did
not meet the threshold requirement of eligibility for relief by bill of review, any errors by the trial
court in denying him that relief were harmless. We affirm the judgment denying the bill of
review.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 29, 1996

Do Not Publish