Opinion issued April 1, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01123-CV




UKACHI CHARLES ONWUKWE, Appellant

V.

PAULINE C. IKE & KEN IKE, Appellees




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 02-13662




O P I N I O N

          Appellant, Ukachi Charles Onwukwe, appeals a summary judgment denying 
his petition for bill of review. Appellant filed his petition after a no-answer default
judgment for defamation was entered against him and in favor of appellees, Pauline
C. Ike and Ken Ike. In his sole point of error, appellant contends that the trial court
erred in granting appellees summary judgment and denying his petition for bill-of-review.
          We affirm.
Facts & Procedural History
          On October 16, 2000, appellees filed a defamation suit against appellant,
alleging damages resulting from a defamatory letter appellant published. A private
process server delivered the original petition to appellant on February 3, 2001 and
later signed an affidavit attesting that he adhered to the requirements for service of
process. However, the language of the affidavit indicated that the process server
signed the affidavit on February 20, 2001, while the notary’s signature indicated that
the affiant signed on September 5, 2001. Appellees also filed first and second
amended petitions, but neither of the latter pleadings were served on appellant. 
          Appellant—a native of Nigeria who had not been in the United States long
when the petition was delivered to him by the process server—neglected to make a
timely answer. Consequently, the trial court held a default judgment hearing on
August 17, 2001, at which appellees presented evidence of their damages. On
October 5, 2001, the trial court rendered a default judgment in favor of appellees and
a writ of execution was served on appellant on February 7, 2002. 
          Appellant filed his petition for bill of review on March 18, 2002. In the
petition, appellant asserted that he was unable to assert a meritorious defense in the
defamation suit due to inadequate service of process. Specifically, appellant
contended that (1) appellees filed two amended petitions and numerous trial motions
without serving appellant with the instruments, (2) the affidavit of service of process
signed by the process server did not meet the strict compliance standard for service 
of citation, and (3) the original petition served on appellant did not contain a copy of
the defamatory letter. In response to appellant’s petition, appellees filed a motion for
summary judgment. Without issuing findings of fact and conclusions of law, the trial
court granted appellees’ motion for summary judgment and denied appellant bill-of-review relief. 
Propriety of Summary judgment
          Appellees’ motion for summary judgment asserted that bill-of-review relief was
not available to appellant because (1) appellant was at fault or negligent in failing to
answer and (2) appellant was at fault or negligent in failing to exhaust his legal
remedies prior to bringing his bill of review action. The propriety of summary
judgment hinges on whether the trial court erred in finding for appellees in regard to
either of these issues.


 
A.      Standard of Review
          A traditional summary judgment under Rule 166a(c) is proper only when the
movant establishes that there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In reviewing a summary judgment, we
indulge every reasonable inference in favor of the non-movant and resolve any doubts
in its favor. Johnson, 891 S.W.2d at 644; Lawson v. B Four Corp., 888 S.W.2d 31,
33 (Tex. App.—Houston [1st Dist.] 1994, writ denied). We take all evidence
favorable to the non-movant as true. Johnson, 891 S.W.2d at 644; Lawson, 888
S.W.2d at 33. As movant, a defendant is entitled to summary judgment if the
evidence disproves, as a matter of law, at least one element of each of the plaintiff’s
causes of action or conclusively establishes each element of an affirmative defense. 
Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996).
 
          A trial court cannot grant summary judgment on a ground not expressly
presented in the summary judgment motion. Cincinnati Life Ins. Co. v. Cates, 927
S.W.2d 623, 625 (Tex. 1996). Similarly, the non-movant must expressly present to
the trial court, by written answer or response, any issues defeating the movant’s
entitlement to summary judgment. McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 343 (Tex. 1993). When the trial court does not specify the basis for its
summary judgment, the appealing party must show it is error to base it on any ground
asserted in the motion. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).
B.      Bill of Review
          A bill of review is an independent equitable action to set aside a judgment that
is not void on the face of the record but is no longer appealable or subject to
challenge by a motion for new trial. Wembley Inv. Co. v. Herrera, 11 S.W.3d 924,
926-27 (Tex. 1999). Bill of review relief is only available if a party has exercised due
diligence in pursuing all adequate legal remedies against a judgment. Id. at 927. If
a legal remedy was available but ignored, a bill of review is not available. Id. 
Generally, a restricted appeal is one such adequate legal remedy. See Hesser v.
Hesser, 842 S.W.2d 759, 765 (Tex. App.—Houston [1st Dist.] 1992, writ denied). 
          To succeed in a bill of review, a petitioner must ordinarily show (1) a
meritorious claim or defense to the cause of action supporting the earlier judgment,
(2) which he was prevented from asserting by the fraud, accident, or mistake of the
opposing party, or official mistake, and (3) unmixed with any fault or negligence of
his own. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). However,
in instances where the party petitioning for bill of review seeks to set aside a default
judgment on the basis that he was not properly served with process, the petitioner
need not prove the requirement of fraud, accident or wrongful act of the opposite
party. See Tex. Indus. Inc. v. Sanchez, 525 S.W.2d 870, 871 (Tex. 1975). Nor does
the petitioner have to prove a meritorious defense. See Lopez v. Lopez, 757 S.W.2d
721, 723 (Tex. 1988). 
          Asserting an error in service of process, however, does not relieve a bill of
review petitioner from demonstrating that he was free from fault or negligence in
letting the judgment be taken. West Columbia Nat’l Bank v. Griffith, 902 S.W.2d
201, 206 (Tex. App.—Houston [1st Dist.] 1995, writ denied). This requirement not
only encompasses whether a petitioner was negligent in allowing the trial court to
render the default judgment against him, but also whether he exercised due diligence
in availing himself of all legal remedies against the former judgment. Id.; Carroll v.
Carroll, 580 S.W.2d 410, 412 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ). 
C.      Failure to Answer Original Petition
The first issue we must decide is whether appellant was negligent in failing
to file a timely answer to the petition delivered by the process server.
 
          The standard of care applied to a defendant who fails to timely answer a
lawsuit is such as prudent and careful persons would ordinarily use in their own cases
of equal importance. See In re A.L.H.C., 49 S.W.3d 911, 916 (Tex. App.—Dallas
2001, pet. denied). Unless an act is negligence per se or is so opposed to the dictates
of common prudence that we can say, without hesitation or doubt, that no careful
person would have committed it, the question of negligence is one for the trier of fact. 
Lyons v. Paul, 321 S.W.2d 944, 950 (Tex. Civ. App.—Waco 1958, writ ref’d n.r.e.).
          Appellant concedes that the original petition was delivered to him on February
3, 2001. However, appellant asserts that the petition was not accompanied with a
citation. Moreover, appellant asserts that he had only recently immigrated to America
from Nigeria at the time the petition was delivered to him and was ignorant of the
American judicial system. Appellant further asserts that he was misled into thinking 
the petition was a hoax because appellees had delivered angry correspondence to him
before and because the process server was in civilian clothing, when in Nigeria, such
tasks are performed by uniformed government officials.
          We conclude that appellant’s failure to answer was not so opposed to the
dictates of common prudence that we can say, without hesitation or doubt, that no
careful person would have acted similarly. Thus, the issue of whether appellant was
negligent in failing to answer concerned questions of fact and was not subject to
disposition by summary judgment.
          We hold that appellant presented sufficient evidence to defeat summary
judgment on the issue of whether he was negligent in failing to timely answer
appellee’s original petition.
D.      Failure to Seek Restricted Appeal
          The next issue we must decide is whether appellant was negligent in failing to
exhaust all available legal remedies prior to bringing his bill of review action.
          Appellant filed his petition for bill of review during the period in which relief
was still available by restricted appeal.


 Appellant’s unexcused failure to seek a
restricted appeal prior to filing a petition for bill of review would have precluded him
from bill of review relief as a matter of law. See Hesser, 842 S.W.2d at 765. Thus,
once appellees made a showing that appellant failed to seek a restricted appeal,
appellant was required to show good cause for his failure to exhaust all adequate legal
remedies in order to avoid summary judgment. See Parker v. JP Morgan Chase
Bank, 95 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2002, no pet.); see also,
Tice v. City of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989). Appellant contends that
his failure to seek a restricted appeal was excused because (1) restricted appeal was
not an available remedy as the complained-of errors were not apparent on the face of
the record, (2) restricted appeal was discretionary, and (3) restricted appeal was not
an available remedy as he failed to preserve error at the trial level. 
          1.       Error Apparent on the Record
          A restricted appeal need not be sought prior to seeking bill of review relief
when the former is not available. Hesser, 842 S.W.2d at 765-66. Restricted appeal
is only available when (1) it is brought within six months after the trial court signs the
judgment, (2) by a party to the suit, (3) who did not participate in the “actual trial,”
and (4) the error complained of is apparent from the face of the record. Tex. R. App.
P. 30; Brown v. Brookshires Grocery Store, 10 S.W.3d 351, 353 (Tex. App.—Dallas
1999, pet. denied). 
          Appellant argues that restricted appeal was not available to him because
improper service of process was not apparent on the face of the trial court’s record.
Thus, in order to ascertain whether restricted appeal was an available legal remedy
of which appellant was required to avail himself prior to seeking a bill of review, we 
must determine whether the errors appellant contends existed in service of process
were apparent on the face of the trial court’s record.
                    i.        The Amended Petitions and the Defamatory Letter
          The first and third errors in service of which appellant complains are as
follows: (a) appellees failed to serve appellant with two amended petitions and
various motions and (b) appellees failed to attach a copy of the defamatory letter to
the original petition.
          With respect to appellees’ failure to serve appellant with the amended petitions
and motions, a plaintiff need not serve a defendant with amended pleadings or
motions unless a more onerous judgment is sought therein. See Rose v. Rose, 117
S.W.3d 84, 91 (Tex. App.—Waco 2003, no pet. h.). 
          Relatedly, with respect to appellee’s failure to attach the defamatory letter to
the original petition, a plaintiff need not marshal all his evidence in order to satisfy
due process requirements; it is enough that the petition state a cause of action, give
fair notice of the claim, and not affirmatively disclose facts that defeat relief. 
Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491, 494-95 (Tex. 1988). 
Furthermore, as long as the allegations in the petition are sufficient to satisfy due
process requirements, the trial court has jurisdiction to render judgment by default. 
Id. at 496.
          When applying the above principles to the instant case, we acknowledge that
the record before this Court does not contain any of the instruments filed in the
defamation action. Their absence, however, does not affect our decision regarding
appellant’s arguments. If the trial court—who had access to the entire record from
the defamation action—found either the amended petitions sought a more onerous
judgment or the original petition was lacking to the extent that the inclusion of the
defamatory letter was necessary to give fair notice of a claim, then the error was
apparent on the face of the record and appellant failed to exhaust his remedies by
seeking a restricted appeal. If, on the other hand, the amended petitions did not seek
a more onerous judgment and/or the original petition was adequate, appellant was not
harmed and the propriety of service was unaffected. Under any combination of the
above scenarios, the granting of summary judgment was proper.
                    ii.       The Service of Process Affidavit
          The second error in service of which appellant complains is a discrepancy in
the date on which the process server signed the service affidavit and the date on
which it was notarized. Specifically, appellant asserts that:
whereas, the process server signs the affidavit of service dated on
February 20, 2001, the notary certifies that the process server signed the
document on September 5, 2001. This is improper service and is
intentionally misleading the court because the notary could not have
possibly witnessed the process server’s signature on September 5, 2001,
if the process server signed the affidavit on February 20, 2001. 

          The complained-of affidavit is included in the record before this Court. 
Therefore, the trial court correctly granted summary judgment because such error was
apparent on the face of the record and restricted appeal was an available remedy of
which appellant should have availed himself prior to seeking bill of review relief.
          We hold that appellant failed to show that he was excused from seeking a
restricted appeal on the basis that the errors complained of did not appear in the trial
court’s record.
 
          2.       Necessity of Seeking Restricted Appeal
          Appellant asserts that he was not required to bring a restricted appeal before
seeking bill of review relief because the language of Rule of Appellate Procedure 30,
which provides for restricted appeal relief, makes restricted appeal discretionary. 
Rule 30 states as follows:
A party who did not participate–either in person or through counsel–in
the hearing that resulted in the judgment complained of and who did not
timely file a post-judgment motion or request for findings or fact and
conclusions of law, or a notice of appeal within the time permitted by
Rule 21.6(a) may file a notice of appeal within the time permitted by
Rule 26.1(c).

Tex. R. App. P. 30 (emphasis added). 
          Appellant is correct to the extent that the language of the rule does not require
a party to seek relief through restricted appeal. Nonetheless, as discussed above, if
a party wants to seek relief by bill of review, all available legal remedies must be
exhausted. Herrera, 11 S.W.3d at 927. This is a requirement for bringing a bill of
review action and is unrelated to the language of Rule 30.
          We hold that appellant failed to show that he was excused from seeking a
restricted appeal on the basis that Rule of Appellate Procedure 30 did not require him
to seek a restricted appeal.
          3.       Preservation of Error and Restricted Appeal
          Appellant asserts that he was not required to seek a restricted appeal before
bringing a bill of review action because restricted appeal was not available to him due
to his failure to preserve error under Rule of Appellate Procedure 33.1. However, by
the very language of Rule 30, one need not preserve error in order to bring a restricted
appeal. See Tex. R. App. P. 30. To the contrary, Rule 30 requires that the appealing
party have no participation in the proceedings from which a restricted appeal is
sought. Id. 
          We hold that appellant failed to show that he was excused from seeking a
restricted appeal on the basis that restricted appeal was not available to him due to his
failure to preserve error.  
Conclusion
          Having determined that appellant failed to provide sufficient evidence to
excuse him from filing a restricted appeal before seeking bill of review relief, we
affirm the judgment of the trial court.



                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.