Opinion issued August 4, 2022



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00142-CV

————————————

## LEO ROGER DUGAS, Appellant

## V.

## JOE H. VARDELL AND JACQUELYN R. VARDELL, Appellees

---

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Case No. 20DCV0050**

---

## MEMORANDUM OPINION

In this restricted appeal, appellant, Leo Roger Dugas, challenges the trial court's no-answer default judgment in favor of appellees, Joe H. Vardell and Jacquelyn R. Vardell (collectively, the "Vardells"), in their suit against him for a

declaratory judgment. In two issues, Dugas contends that the trial court erred in entering a no-answer default judgment in favor of the Vardells against him.

We reverse.

## Background

In their first amended petition, the Vardells alleged that they owned the surface rights to about thirty-five acres of real property located in Chambers County, Texas (the "property"). Four corporations, including the Pearl River Corporation, doing business as First Pearl River Corporation ("Pearl River"),[1] had "two oil and gas leases on the [p]roperty for the purpose of exploring, developing and producing oil and gas." Dugas, individually, had a separate agreement with the Vardells for saltwater disposal on the property (the "saltwater disposal agreement").[2]

Under its terms, the saltwater disposal agreement terminated when the well on the property identified as "Furl White No. 1 SWD" was "plugged or abandoned." According to the Vardells, the corporations and Dugas "ha[d] not produce[d] any oil or gas or conducted any operations" on the property for more than ninety days, and thus the two leases and the saltwater disposal agreement "ha[d] terminated."

---

[1] The Vardells brought suit against Pearl River and the three other corporations— Petrofina Delaware, Inc., Total Petrochemicals & Refining USA, Inc., formerly known as Fina Oil and Chemical Company, and GCOC, Inc. These entities are not parties to this appeal.

[2] The Vardells attached a copy of the saltwater disposal agreement to their first amended petition.

2

The Vardells brought a claim against Dugas for a declaratory judgment, seeking a declaration that the saltwater disposal agreement "ha[d] terminated due to [the] failure to produce oil or gas or conduct operations" for more than ninety days. The Vardells sought attorney's fees, pre- and post-judgment interest, and court costs.[3]

On January 24, 2020, the Chambers County District Clerk's office issued a citation for service of process on Dugas "at 15311 Hummingbird Street, Mont Belvieu, T[X] 77523" (the "Hummingbird Street address").[4]

On April 8, 2020, the Vardells filed a motion for substituted service on Dugas, asserting that they had attempted to serve him "on multiple occasions at [the Hummingbird Street address]," but he "[wa]s avoiding service." According to the Vardells, Dugas owned the property located at the Hummingbird Street address, and his "granddaughter and wife live[d] there."

The Vardells attached to their motion an affidavit of due diligence purportedly documenting the service attempts on Dugas.[5] In the affidavit on which the Vardells

---

[3]     *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009.

[4]     We note that Pearl River's 2016 Texas Franchise Tax Public Information Report, which is included in the record, lists Dugas's mailing address as 15311 Hummingbird, Baytown, Texas, 77520 while the citation for service lists Dugas's address for service at 15311 Hummingbird Street, Mont Belvieu, Texas, 77523.

[5]     The other affidavit of due diligence attached to the Vardells' motion for substituted service was from Allen J. Roy, a process server, and related to service attempts on "GCOC, Inc. c/o President, Barry Vickers."

3

relied, Matthew Miller, the affiant, testified that he attempted service of the Vardells' first amended petition and its exhibits: "For delivery to David T. McCollough, Registered Agent for Pearl River." Miller then documented the following service attempts:

1) Unsuccessful Attempt: Jan 30, 2020, 3:20 pm . . . EVASIVE AT [the Hummingbird Street address].

Attempted at the given address and no response. . . . .

2) Unsuccessful Attempt: Feb 8, 2020, 9:38 am . . . EVASIVE AT [the Hummingbird Street address].

Attempted at the given address and still no response. Neighbor didn't answer. No vehicles.

3) Unsuccessful Attempt: Feb 14, 2020, 6:26 pm . . . EVASIVE AT [the Hummingbird Street address].

Attempted at the given address and still no response. Still no vehicles. [Miller] left a hanger.

4) Unsuccessful Attempt: Feb 15, 2020, 2:29 pm . . . EVASIVE AT [the Hummingbird Street address].

Attempted at the given address and still no response. Someone looked out the window but didn't answer. No vehicles were out front. [Miller] left another hanger. Neighbor didn't answer.

5) Unsuccessful Attempt: Feb 18, 2020, 4:09 pm . . . EVASIVE AT [the Hummingbird Street address].

[Miller] spoke to a girl at the residence who confirmed that Christy, her mother[,] live[d] there but was at work. [Dugas], her grandfather[,] own[ed] the property but d[id not] live there. [Miller] left [his] information.

4

6) Unsuccessful Attempt: Mar 26, 2020, 6:25 pm . . . at HOME: 3110 E LAKE CRESCENT DR KINGWOOD, TX 77339-3625.

BAD ADDRESS: [Miller] attempted service [at the above address] and spoke with a resident who identified himself as Clark McCollough, the father of David T. McCullough, the Registered Agent for Pearl River . . . . Mr. McCullough, a white male in his 70s, said that he has never heard of Pearl River . . . and ha[d] no affiliation with it, and that David T. McCullough, the Registered Agent for Pearl River . . . d[id not] live at [the address]. . . . .

The trial court granted the motion for substituted service on Dugas and ordered that "service upon . . . Dugas may be [e]ffected by leaving a true copy of the citation, petition, and this order with anyone over sixteen years of age at [the Hummingbird Street address]." An affidavit of service executed by Allen J. Roy, a process server, was then filed in the trial court. In the affidavit, Roy testified that he successfully served Dugas on April 21, 2020 by "mak[ing] service of [certain] documents"[6] by giving them to a seventeen-year-old person at the Hummingbird Street address.

After Dugas did not answer or otherwise appear, the Vardells moved for a no-answer default judgment against Dugas, which the trial court granted.[7] In its order granting a no-answer default judgment against Dugas, the trial court stated:

---

[6] These documents were the trial court's order of substituted service and the Vardells' first amended petition and its exhibits.

[7] The trial court also signed a no-answer default judgment as to certain other defendants and an order granting the Vardells summary judgment on their claims against other defendants.

Dugas was "served with citation and petition in accordance with the Texas Rules of Civil Procedure and the return[] of service w[as] on file for more than 10 days prior to the Vardells filing [their] motion [for a no-answer default judgment]"; Dugas's answer was due on May 18, 2020; "Dugas did not file an answer or any other pleading constituting an answer"; and the saltwater disposal agreement had terminated. The trial court awarded the Vardells attorney's fees, court costs, and post-judgment interest and stated that its order "dispose[d] of all claims against . . . Dugas."

In its final judgment, as to Dugas, the trial court declared that the saltwater disposal agreement was terminated and ordered that Dugas was jointly and severally liable to the Vardells for attorney's fees, court costs, and post-judgment interest.

More than thirty days after the trial court signed the final judgment, Dugas, proceeding pro se, filed a "Notification of Void Judgment," asking the trial court to vacate the final judgment. Later, Dugas filed a notice of restricted appeal.

**Standard of Review**

A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). To prevail on a restricted appeal, an appellant must show that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the

6

complained-of judgment and did not timely file any post-judgment motion or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 30.

Only the fourth requirement—whether error is apparent on the face of the record—is disputed here. Although review by restricted appeal affords review of the entire case and thus permits the same scope of review as an ordinary appeal, the face of the record must reveal the claimed error. *See Norman Commc'ns, Inc. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The face of the record consists of all the papers on file in the appeal, including the reporter's record, if one was made, as they existed in the trial court when the trial court entered its judgment. *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.). "[E]rror that is merely inferred [from the record] will not suffice." *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009).

In reviewing a no-answer default judgment in a restricted appeal, an appellate court does not presume valid issuance, service, and return of citation. *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007); *Martell v. Tex. Concrete Enter. Readymix, Inc.*, 595 S.W.3d 279, 282 (Tex. App.—Houston [14th Dist.] 2020, no pet.). A no-answer default judgment cannot stand unless the record shows strict compliance with the rules of procedure governing issuance, service, and return of

7

citation.[8] *See World Envtl., L.L.C. v. Wolfpack Envtl., L.L.C.*, No. 01-08-00561-CV, 2009 WL 618697, at *2 (Tex. App.—Houston [1st Dist.] Mar. 12, 2009, no pet.) (mem. op.); *see also Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Defective service constitutes error on face of the record. *World Envtl., L.L.C.*, 2009 WL 618697, at *2; *Hesser v. Hesser*, 842 S.W.2d 759, 765 (Tex. App.—Houston [1st Dist.] 1992, writ denied). "Whether service strictly complies with the rules is a question of law which we review de novo." *Martell*, 595 S.W.3d at 282.

### Substituted Service of Process

In his first issue, Dugas argues that the trial court erred in entering a no-answer default judgment in favor of the Vardells against him because "the Vardells failed to strictly comply with the rules for substituted service" and "[a]ny default judgment based on improper substituted service . . . must be reversed."

---

[8] The Texas Supreme Court has explained that Texas courts "rigidly enforce" the rules for service when a default judgment is rendered because the only ground supporting the judgment is that the defendant has not complied with the procedural rules governing its defense. *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (internal quotations omitted); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); RESTATEMENT (SECOND) OF JUDGMENTS (1982) § 3 cmt. d. If the defendant shows that the person who filed the suit likewise failed to comply with the procedural rules, the parties are left on equally flawed footing, and fairness dictates that the merits of the dispute be reached. *Wilson*, 800 S.W.2d at 836; RESTATEMENT (SECOND) OF JUDGMENTS § 3 cmt. *d.*

8

No-answer default judgments are disfavored, and a trial court lacks jurisdiction over a defendant who was not properly served with process. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020); *Pro-Fire & Sprinkler, L.L.C. v. Law Co.*, 637 S.W.3d 843, 849 (Tex. App.—Dallas 2021, no pet.). Texas courts require strict compliance with the rules for service, and a no-answer default judgment cannot stand unless strict compliance with the rules appears in the record. *See Spanton*, 612 S.W.3d at 316; *Pro-Fire & Sprinkler*, 637 S.W.3d at 849–50; *Furst v. Smith*, 176 S.W.3d 864, 869 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also Clark v. Newman*, No. 05-15-01393-CV, 2017 WL 2255587, at *2 (Tex. App.—Dallas May 23, 2017, no pet.) (mem. op.) ("Strict compliance is especially important when substituted service under Texas Rule of Civil Procedure 106 is involved."). It is the responsibility of the party requesting service, not the process server, to see that service is properly accomplished. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994); *Pro-Fire & Sprinkler*, 637 S.W.3d at 850. This responsibility extends to seeing that service is properly reflected in the record as well. *Primate Constr.*, 884 S.W.2d at 153; *Pro-Fire & Sprinkler*, 637 S.W.3d at 850.

Texas Rule of Civil Procedure 106(b) governs substituted service.[9] *See* TEX. R. CIV. P. 106(b); *see also Pirate Oilfield Servs., Inc. v. Cunningham*, 631 S.W.3d

---

[9] Texas Rule of Civil Procedure 106 was amended effective December 31, 2020. All references to rule 106 are to the version in effect before the 2020 amendment when substituted service was ordered by the trial court in this case. *See Nikolenko v.*

421, 429 (Tex. App.—Eastland 2021, no pet.) (Texas Rule of Civil Procedure 106 "authorizes a court to order substituted methods of service."). Under rule 106, when service of process by personal delivery or by certified mail is unsuccessful, the trial court may, upon the motion of the plaintiff, supported by an affidavit, authorize an alternative method of service. TEX. R. CIV. P. 106(b); *see also In re M.M.M.A.*, 583 S.W.3d 632, 636 (Tex. App.—El Paso 2018, no pet.). The affidavit must "stat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant c[ould] probably be found" and state specific facts showing that traditional service had been attempted, by either personal delivery or by certified mail, "at the location named in [the] affidavit but ha[d] not been successful." TEX. R. CIV. P. 106(b); *see In re M.M.M.A.*, 583 S.W.3d at 636; *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("[S]ubstitute[d] service is not authorized under [Texas] Rule [of Civil Procedure] 106(b) without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service."); *Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 444 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (substituted service was invalid where affidavit did not indicate business defendant's usual place of business or individual

---

*Nikolenko*, No. 01-20-00284-CV, 2022 WL 479988, at \*13 & n.6 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) (mem. op.); *Pro-Fire & Sprinkler, L.L.C. v. Law Co.*, 637 S.W.3d 843, 850 n.4 (Tex. App.—Dallas 2021, no pet.).

defendant's usual place of abode and did not specifically state whether or how service was attempted).

If the plaintiff makes the necessary showing, the trial court may authorize service either by "leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in [the] affidavit" or "in any other manner that the affidavit or other evidence before the [trial] court show[ed] w[ould] be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(1), (b)(2). Texas courts have consistently held that substituted service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise does not meet the requirements of Texas Rule of Civil Procedure 106(b). *Wilson*, 800 S.W.2d at 836; *see also Olympia Marble*, 17 S.W.3d at 444; *Medford v. Salter*, 747 S.W.2d 519, 520 (Tex. App.—Corpus Christi–Edinburg 1988, no writ) (holding affidavit in support of motion for substituted service stating conclusorily that "diligent effort to obtain service of process was made" was deficient because it did not show by specific facts that service had been attempted).

The Vardells' motion for substituted service on Dugas asserted that they had attempted to serve Dugas "on multiple occasions at [the Hummingbird Street address]," but he "[wa]s avoiding service." But the affidavit of due diligence that the Vardells attached to their motion for substituted service on Dugas did not identify

Dugas as the defendant who had been attempted to be served and did not state the location of Dugas's "usual place of business or usual place of abode or other place where [Dugas] c[ould] probably be found." *Cf.* TEX. R. CIV. P. 106(b); *Mayes*, 17 S.W.3d at 444. Instead, in the affidavit, Miller, the affiant, testified that he attempted service of the Vardells' first amended petition and its exhibits at the Hummingbird Street address and "3100 E Lake Crescent Dr Kingwood, TX 77339-3625" "[f]or delivery to David T. McCollough, Registered Agent for Pearl River." (Emphasis omitted.) There were also no specific facts as to whether or how the Vardells attempted service on Dugas by personal delivery or by certified mail. *Cf.* TEX. R. CIV. P. 106(a), (b); *Mayes*, 17 S.W.3d at 444.

Because the affidavit of due diligence did not comply with Texas Rule of Civil Procedure 106(b), we conclude that the trial court erred in granting the Vardells' motion for substituted service on Dugas and the Vardells' attempt to serve by substituted service Dugas was invalid. This constitutes error on the face of the record. Further, we conclude that because the Vardells' attempt to serve Dugas was invalid, the trial court lacked personal jurisdiction over Dugas and thus lacked jurisdiction to grant the no-answer default judgment against Dugas. *See Pro-Fire & Sprinkler*, 637 S.W.3d at 858. Accordingly, we hold that the trial court erred in entering a no-answer default judgment in favor of the Vardells against Dugas.

We sustain Dugas's first issue.[10]

## Conclusion

We reverse the trial court's order granting a no-answer default judgment in favor of the Vardells against Dugas and the portion of the trial court's final judgment that awarded the Vardells declaratory relief, attorney's fees, court costs, and post-judgment interest against Dugas and remand that portion of the case for further proceedings consistent with this opinion. All pending motions are dismissed as moot.

Julie Countiss
Justice

Panel consists of Justices Goodman, Landau, and Countiss.

---

[10] Due to our disposition, we need not address Dugas's second issue. *See* TEX. R. APP. P. 47.1.